All concurred, except BRADLEY, J., not voting.

Judgment affirmed, with costs.

JOHN HEIGLE, APPELLANT, *v.* R. G. WILLIS, RESPONDENT.

*Counter-claim in a Justice's Court — when the amount thereof is not limited by statute.*

In an action, brought in a Justice's Court, the complaint alleged that the defendant negligently drove his wagon against that of the plaintiff, to his damage in the amount of forty dollars. The answer set up a counter-claim for injuries caused to the defendant's person and wagon, through the alleged negligence of the plaintiff in the same collision, in the sum of $1,000.

The justice before whom the action was tried overruled an objection made by the plaintiff to the counter-claim on the ground that it exceeded the jurisdiction of the Justice's Court.

*Held*, that while the amount of a counter-claim upon contract which might be interposed in a Justice's Court was limited in amount by the Code of Civil Procedure, that such limitation did not apply to a counter-claim which on its face arose out of the same transaction set forth in the complaint as the foundation of the plaintiff's claim.

That the two causes of action for injuries to the defendants person and wagon were properly united in one counter-claim

APPEAL from an order of the County Court of Erie county, of July 29, 1886, denying the plaintiff's motion to strike the cause from the trial calendar, and have the defendant's appeal from the judgment of the Justice's Court heard as an appeal on the law

*William F. Sheehan*, for the appellant.

*C. W. Sickman*, for the respondent.

DWIGHT J. :

Issue was joined in the Justice's Court by a complaint alleging that the defendant negligently drove his wagon against the wagon of the plaintiff, in which the plaintiff was riding, to plaintiff's damage of forty dollars, and an amended answer which, after a general denial, set up a counter-claim for injuries to the defendant's person and to his wagon and harness, sustained in the same collision mentioned in the plaintiff's complaint, which the defendant alleged was caused by the negligent and malicious conduct of the plaintiff in driving his wagon against that of the defendant: The defendant alleged damages in the sum of $1,000, for which he demanded judgment.

The plaintiff objected to the counter-claim on the grounds, first, that it " set up a new cause of action," and, second, that it exceeded the jurisdiction of the justice. The objection was overruled and the case went to trial. The jury found a verdict for the plaintiff for one dollar, for which the justice rendered judgment, and from that judgment the defendant appealed to the County Court for a new trial.

The motion of the plaintiff in the County Court was based upon the ground that there was no counter-claim properly in the case; and, therefore, since the plaintiff's demand for judgment was for less than fifty dollars, the case was not within the provisions of sec_ tion 3068 of the Code; and a new trial could not be had in the County Court. The motion, therefore, presented two questions: 1st. Was the counter-claim one which could be interposed to the plaintiff's cause of action in any court ? 2d. Was it within the jurisdiction of the Justice's Court? Both of these questions, we think, were properly decided in the court below.

Section 501 of the Code of Civil Procedure, which is made applicable to a Justice's Court by section 2945, prescribes what causes of action may be the subject of counter-claim. Among others, by subdivision 1, it may be " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim ; " and that this prescription includes actions of tort is plainly indicated by the fact that it is contradis-

tinguished from that contained in subdivision 2, which is confined to actions on contract. (See *Glen & Hall Mfg. Co.* v. *Hall*, 61 N. Y., 226; *Carpenter* v. *Manhattan Life Ins. Co.*, 93 id., 552.) The cause of action here pleaded as a counter-claim was, on its face, one arising out of the same transaction set forth in the complaint as the foundation of the plaintiff's action, viz., the collision on the highway between the two wagons driven, respectively, by the plaintiff and the defendant. It was a transaction in respect to which the plaintiff alleged negligence on the part of the defendant, and damages to himself; and the defendant *vice versa*. For the same reason, because arising out of the same transaction, the defendant's two causes of action, for injuries to himself and to his property, were properly united in one counter-claim, whether the pleading was in a court of record or in a Justice's Court (Code of Civ. Pro., § 484, sub. 9; § 2937, sub. 1); moreover, by subdivision 3 of the latter section the causes of counter-claim were properly united in a Justice's Court, even if they had not grown out of the same transaction. The objection to the defendant's counter-claim, based upon the nature of the cause or causes of action embraced therein, is not well founded.

The objection that the counter-claim exceeded in amount the jurisdiction of a justice of the peace is equally untenable; it involves a misconstruction of the provision of the Code defining that jurisdiction. Section 2862 relates only to the plaintiff's cause of action; and the limitation of $200 applies only to the amount of the plaintiff's claim in the several cases enumerated. Section 501, as qualified by section 2945, while, as we have seen, prescribing the *nature* of the causes of action which may be made the subject of the defendant's counter-claim, imposes no limit upon the *amount* of such counter-claim. The provision of the latter section "that such a counter-claim cannot be interposed unless it is of *such a nature* that a Justice's Court has jurisdiction of a cause of action founded thereon," recognizes the distinction suggested. That such distinction is intended, is made entirely clear by reference to section 2949, which provides for judgment in cases where the counter-claim established exceeds $200. The reason for this discrimination between plaintiff and defendant, in respect to the amount of their claims, is apparent. The plaintiff chooses his

forum, and has no excuse for coming into a Justice's Court with a claim which exceeds the jurisdiction of that court. The defendant, on the other hand, is compelled to come into the Justice's Court to make his defense; and must be permitted to interpose such counter-claim as he has, without reference to its amount. Accordingly, section 2949, while it limits the judgment which may, in any event, be rendered in favor of the defendant, in such a case, to $200, saves the counter-claim, for which he cannot have judgment in a Justice's Court for prosecution in another action, and in any court having jurisdiction thereof. It is plain that the justice had jurisdiction of the whole case in this action, notwithstanding the amount of the defendant's counter-claim; and that the defendant's demand for judgment having exceeded fifty dollars, the case was properly appealed for a new trial. (Code of Civ. Pro., § 3068.)

The motion of the plaintiff was, therefore, properly denied; and the order appealed from must be affirmed, with ten dollars costs and disbursements.

All concur.

Order affirmed, with ten dollars costs and disbursements.