(20 Misc. Rep. 671.)

## MURPHY v. McQUADE.

(City Court of New York, General Term.   July 2, 1897.)

COUNTERCLAIM—ACTION FOR TORT.

    In an action for an assault, a counterclaim may be interposed for an assault alleged to have been committed at the same time and place by the plaintiff upon the defendant, the subject of the action being the affray between the parties, in which each claims that the other assaulted him.

Appeal from trial term.

Action by Martin Murphy against Frank McQuade.   From a judgment overruling a demurrer to defendant's counterclaim, plaintiff appeals.   Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Herbert H. Gibbs, for appellant.
A. M. & G. Card, for respondent.

VAN WYCK, C. J.   The complaint alleges that defendant assaulted plaintiff on a day and at a place named.   The answer denies these allegations, except that it alleges that defendant did not on that day do anything to plaintiff except defend himself from the attacks of plaintiff, and sets up a counterclaim for damages for an assault made by the plaintiff upon defendant on the same day and at the same place, against which defendant defended himself as aforesaid.   The answer sufficiently connects the subject of the counterclaim with the subject of the action.   The subject of both was the affray between plaintiff and defendant on the day and at the place alleged.   A tort can be counterclaimed in an action in tort, if it is connected with the subject of the action.   Carpenter v. Insurance Co., 93 N. Y. 552.   In an action for damages for defendant's negligence in driving his wagon against plaintiff's wagon the defendant may counterclaim for damages to his person and property occasioned by the same collision, and which he claims was caused by plaintiff's negligence. Heigle v. Willis, 50 Hun, 588, 3 N. Y. Supp. 497.

The order and interlocutory judgment are affirmed, with costs.   All concur.