That part of the defense demurred to comes directly within this provision of the statute, and, if the defendant can establish upon the trial what he has alleged, it cannot be seriously questioned but that it will constitute a defense to the action.

It follows that the judgment must be affirmed, with costs.   All concur.

(30 App. Div. 476.)

EMPIRE DAIRY FEED CO. v. CHATHAM NAT. BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   June 10, 1898.)

COUNTERCLAIM—ACTION FOR CONVERSION.

In an action for the conversion of a promissory note and collaterals deposited therewith, or of such collaterals alone, the defendant may, under Code Civ. Proc. § 501, subd. 1, set up as counterclaims the said note and its nonpayment, and also a claim for costs and expenses of an action brought by him, at plaintiff's request, upon one of the collaterals.

Appeal from special term, New York county.

Action by the Empire Dairy Feed Company against the Chatham National Bank of New York.   From a judgment sustaining a demurrer to two counterclaims contained in the answer of defendant (51 N. Y. Supp. 659), it appeals.   Reversed.

Argued before BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Frank H. Edmunds, for appellant.
Henry A. Forster, for respondent.

BARRETT, J.   The action is to recover damages for the conversion of a promissory note made by the plaintiff, and of certain collaterals thereto.   The complaint avers the making of the note, "whereby the plaintiff promised to pay to the defendant ten hundred and fifty dollars, with interest"; that, as collateral security for this note, it "left with" the defendant the collaterals in question; that, after the note became due, the plaintiff tendered to the defendant the amount due on the note, and thereupon demanded the note and the collaterals; that the defendant refused to surrender them, and that the defendant "thereupon converted said note and said collaterals to its own use, to the damage of the plaintiff in the sum of $19,500."   The defendant, in its answer, denies the conversion, and pleads two counterclaims.   The first is upon the plaintiff's note,—the same which in the complaint is alleged to have been converted.   The counterclaim sets up this note and its nonpayment at maturity, and seeks to recover the amount thereof with interest.   The second counterclaim seeks to recover the costs and expenses of an action which the defendant brought at the plaintiff's request upon one of the collaterals. To these counterclaims the plaintiff demurs, upon the ground, principally, that a cause of action upon contract cannot be thus set up in an action for conversion.

The general rule undoubtedly is that, in an action for conversion, a counterclaim disconnected with the cause of action is not allowable. Smith v. Hall, 67 N. Y. 48.   It is otherwise, however, where the counterclaim arises out of the contract or transaction set forth in the

complaint, or is connected with the subject of the action. Code Civ. Proc. § 501, subd. 1. The statute was substantially the same under Code Proc. § 150. Under the latter, it was held by an able court that in an action in the nature of trover by plaintiffs, who had indorsed certain bills of exchange, brought to recover the value thereof from defendants, in whose possession they were, and who claimed title thereto through the plaintiffs' indorsement, the defendants were at liberty to set up as a counterclaim the liability of the plaintiffs as indorsers of the bills, and their right to recover against them as such indorsers. Bank v. Lee, 2 Bosw. 694. The same rule was laid down in an action to recover the possession of personal property. Brown v. Buckingham, 21 How. Prac. 190. In the present case the learned judge at special term conceded that this was the rule, but he deemed it inapplicable, for the reason that, as he read the complaint, the promissory note therein referred to was not the subject of the action. "If it were," he said, "then the cases of Thompson v. Kessel, 30 N. Y. 383, and Manufacturing Co. v. Hall, 61 N. Y. 226, might be regarded as sufficient authority to support the counterclaim." It appears, however, from the complaint, that the note was quite as much the subject of the action as the collaterals. They are, as we have seen, coupled throughout. The allegation is that the defendant "converted said note and said collaterals," to the plaintiff's damage,—the fixed sum. It is clear, therefore, that the counterclaims were allowable, at least for so much of this fixed sum as represented the conversion of the note.

This would suffice to dispose of the demurrer; but we have no doubt that the conclusion should be the same as to collaterals were they standing alone. The latter question was fully considered in Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5, and we entirely concur in the views there expressed by Mr. Justice Follett. That learned judge, speaking for the general term, said, in substance, that, in an action of tort, counterclaims, whether in tort or contract, may be interposed, if they arise out of the same transaction or relate to the same subject as that set forth in the complaint. This view was quite in accordance with the principle enunciated in Carpenter v. Insurance Co., 93 N. Y. 552, and Thomson v. Sanders, 118 N. Y. 252, 23 N. E. 374. The converse was distinctly held in Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189. In the latter case the action was upon a note, and the defendant was allowed to counterclaim damages for the conversion of property pledged to the plaintiff as security for the note. The respondent contends that the case of Ter Kuile v. Marsland, supra, is contrary to the authorities in this state, and that it is superseded by later decisions of the same court and of the court of appeals. In this he is in error. The cases which he cites (McQueen v. New, 86 Hun, 271, 33 N. Y. Supp. 395; Davis v. Aikin, 85 Hun, 554, 33 N. Y. Supp. 103, and Dinan v. Coneys, 143 N. Y. 544, 38 N. E. 715) are entirely inapplicable. In these cases the attempt was to interpose as counterclaims matter foreign to the plaintiff's cause of action. It was not denied in any of them that a counterclaim is allowable which arises out of the transaction set forth in the complaint, or is connected with the subject of the action. Even in Smith v.

Hall, 67 N. Y. 48, the ruling was based upon the fact that the counterclaim was not connected with the particular transaction then under consideration.    The complaint in that case alleged a pledge of bonds as security for advances to be made by the defendant.    The conversion consisted in the refusal to return the bonds upon tender of the amount so advanced.    The defendant denied these allegations, and averred that the bonds were delivered to him with authority to sell them, and to pay himself out of the proceeds the amount of an old indebtedness which the plaintiff owed him.    The defendant attempted to counterclaim this old indebtedness, and the court held that this could not be done.    This decision is in entire harmony with the later rulings of the same court.    The old indebtedness was not connected with the transaction set forth in the complaint, nor with the subject of the action.    It was an independent cause of action upon contract. The defendant's attempt was to inject it into the transaction, regardless of the allegations of the complaint.    The actual advances made upon the security of the bonds as averred in the complaint were concededly the subject of set-off, and they were in fact allowed to the defendant.    Judge Rapallo, in his opinion, says that the trial judge charged the jury that, in case they found for the plaintiff, "he was entitled to recover the difference between the $3,000 (which was the value of the security converted) and the amount of money advanced, with interest, which was conceded to be $2,577.14."    This case was cited with approval in People v. Dennison, 84 N. Y. 279, where the question considered was not whether an independent counterclaim was allowable (it being undisputed that it was not), but whether the defendant's claim there arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or was connected with the subject of the action; in other words, whether the particular counterclaim set up in that case was within section 150 of the old Code.

We agree that it is not enough that both claims (that set forth in the complaint and that alleged in the counterclaim) had a common origin, and were coincident in the time of their creation.    Dinan v. Coneys, supra.    They must be so related that the counterclaim properly tends to diminish or defeat the plaintiff's recovery.    But the case at bar is directly within this principle.    The plaintiff attempts to meet this by saying that, upon his tender of the amount due upon the note, the defendant's lien upon the collaterals was discharged, and his right to the latter became absolute.    This, however, does not solve the present question.    We must still go back to the transaction set forth in the complaint.    What is that transaction?    The plaintiff limits it to the technical conversion; that is, to the legal formula of his action.    But that is not the entire transaction set forth in the complaint as the foundation of the plaintiff's claim.    It is what that transaction comes to when reduced to the concrete charge.    But the transaction itself (that is, the entire transaction) consists of all the facts averred in the complaint,—the making and delivery of the note, the giving of the collaterals, the tender of the amount due, and the refusal thereupon to surrender the securities. The note is a part of the transaction thus set forth.    It is interwoven

with it. The facts with regard to it are in part the foundation of the plaintiff's claim. If the plaintiff is entitled to the value of his securities, the defendant is equally entitled to the amount of his note. It is entirely just that the plaintiff's claim should be diminished by the amount of the latter debt. The object of the section in question was to authorize a complete and final settlement in one action of all such counterclaims growing out of the state of facts upon which the plaintiff's cause of action is founded.

We think the case here is within both the letter and the intent of section 501 of the Code, and accordingly the judgment appealed from should be reversed, with costs, and the plaintiff's demurrer overruled, with costs. All concur.