LYDIA A. DEAGAN, Appellant, *v.* HARRY WEEKS, Respondent.

*Counterclaim of assault in an action for an assault — causes of action, alleged by the plaintiff and defendant respectively, which must be decided on the same evidence — " transaction " includes torts.*

In an action to recover damages for an alleged assault and battery committed by the defendant upon the person of the plaintiff the defendant may, under subdivision 1 of section 501 of the Code of Civil Procedure, providing that a counterclaim must consist of " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action," interpose as a counterclaim an assault and battery committed upon him by the plaintiff during the affray out of which the plaintiff's cause of action arose.

The word " transaction " as used in the subdivision quoted includes torts.

Where alleged causes of action, one set forth in the complaint and the other in the defendant's answer as a counterclaim, are so connected that they must be determined on the same evidence, they should be litigated and determined in one action although a recovery cannot be had in favor of either party without a finding that would wholly defeat the other party's alleged cause of action.

APPEAL by the plaintiff, Lydia A. Deagan, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered

in the office of the clerk of the county of Chenango on the 16th day of July, 1901, upon the decision of the court, rendered after a trial at the Broome Special Term, overruling the plaintiff's demurrer to the counterclaim set forth in the defendant's answer.

*H. C. Stratton* and *V. D. Stratton*, for the appellant.

*Rollin W. Meeker*, for the respondent.

CHASE, J.:

This action is brought to recover damages for an alleged assault and battery committed by the defendant upon the person of the plaintiff on the 9th day of August, 1899. The defendant for an answer to the complaint denies each and every allegation relating to the assault and battery.

He further alleges " That the plaintiff at the time and place mentioned in the complaint with force and arms, and by the use of dangerous weapons made an assault upon the defendant and would have beaten, bruised, and ill treated him, had he not then defended himself against the acts of the plaintiff who was the aggressor."

He further alleges that he did defend himself as he lawfully might, and in doing so did necessarily and unavoidably place his hands upon the plaintiff and push her away from him, but did no damage or injury to the plaintiff and that what he thus did was the same supposed trespass complained of by the said plaintiff against the said defendant.

The defendant then as a counterclaim alleges that the plaintiff, on the 9th day of August, 1899, made an assault upon him with the use, and threatened use of dangerous weapons, and did beat, strike, bruise, wound and ill-treat him to his damage, and demands judgment against the plaintiff.

He also therein states that the facts so alleged arise out of the alleged transaction set forth in the complaint.

The plaintiff demurred to such counterclaim, which demurrer was overruled at Special Term.

The Code of Civil Procedure provides:

" § 500. The answer of the defendant must contain:

" 1.   *   *   *

"2. A statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition.

"§ 501. The counterclaim specified in the last section must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff. * * *

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action.

"2. In an action on contract any other cause of action on contract existing at the commencement of the action."

The counterclaim must have such a relation to and connection with the subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation. (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552.)

The language of section 501 is such that it is apparent that it was the intent of the Legislature to include under the 1st subdivision counterclaims in actions other than those arising out of contractual relations. That the word "transaction" includes torts cannot be reasonably doubted. (*Carpenter* v. *Manhattan Life Ins. Co.*, *supra; Ter Kuile* v. *Marsland*, 81 Hun, 420; *Empire Feed Co.* v. *Chatham National Bank*, 30 App. Div. 476; *Murphy* v. *McQuade*, 20 Misc. Rep. 671; *Heigle* v. *Willis*, 50 Hun, 588; *Xenia Branch Bank* v. *Lee*, 7 Abb. Pr. 372.)

In *Ter Kuile* v. *Marsland* (*supra*) the court say : " The theory of the Code is to authorize all connected causes of action whether arising out of contracts or torts to be litigated in the same action. * * * The word 'transaction' as used in the section is broader than the word ' contract,' and in case the defendant's cause of action arises out of a transaction out of which the plaintiff's cause of action arose it may be pleaded as a counterclaim. So the term 'subject of the action' is broader than the term ' cause of action.' "

In the case of *Xenia Branch Bank* v. *Lee* (*supra*) the court say : " Every contract may be said to be a transaction ; but every transaction is not a contract."

It is suggested that the counterclaim does not contain " a statement of any new matter." It would be a narrow construction of

the statutes to hold that a counterclaim alleging in appropriate language an assault by plaintiff upon the defendant was not a statement of new matter if the plaintiff in her complaint had alleged in appropriate language an assault by the defendant upon the plaintiff and the allegations in each referred to the same transaction.

Counterclaims alleged as existing by reason of the occurrence and transaction set forth in the complaint have been sustained by the courts, although the defendant to succeed would be required to show that the alleged claim of the plaintiff was wholly unfounded.

In *Heigle* v. *Willis* (*supra*) the complaint alleged that the defendant negligently drove his wagon against the wagon of the plaintiff, and asked to recover the damages sustained by him. The defendant in his answer denied the allegations of the complaint and alleged as a counterclaim and sought to recover an affirmative judgment for damages to himself and his wagon and harness sustained in the same collision mentioned in the plaintiff's complaint, which the defendant alleged was caused by the negligent and malicious conduct of the plaintiff in driving his wagon against that of the defendant. The court held that the demurrer was properly overruled, saying : " The cause of action here pleaded as a counterclaim was, on its face, one arising out of the same transaction set forth in the complaint as the foundation of the plaintiff's action, viz., the collision on the highway between the two wagons driven, respectively, by the plaintiff and the defendant. It was a transaction in respect to which the plaintiff alleged negligence on the part of the defendant, and damages to himself ; and the defendant *vice versa*."

*Murphy* v. *McQuade* (*supra*) was an action to recover damages for an alleged assault and battery. The answer was similar to the one in the case now before us, and it also contained a similar counterclaim. The subject of the complaint and of the counterclaim was the affray between the plaintiff and defendant on the day and at the place alleged. It was held that the judgment overruling a demurrer to the counterclaim should be affirmed.

In *Pelton* v. *Powell* (71 N. W. Rep. [Sup. Ct. Wis.] 887) the court, in construing statutes relating to counterclaims similar to ours, and in an action where the pleadings are substantially the same as they are in the action now before us, held that the counterclaim should be sustained.

The sections of the Code relating to counterclaims should have a liberal construction, and where alleged causes of action, one set forth in the complaint and the other in the defendant's answer as a counterclaim, are so connected that they must be determined on the same evidence, they should be litigated and determined in one action, although a recovery cannot be had in favor of either defendant or plaintiff without a finding that wholly defeats the alleged cause of action of the other.

It does not seem to us in accordance with the spirit of modern procedure to give the sections of the Code quoted such a technical construction that it might require the trial court to twice sit and hear exactly the same facts in actions between the same parties before the proper judgment can be rendered between them. We have not overlooked the fact that there are decisions in this and other States seemingly in conflict with the views herein expressed.

We do not intend by this decision to express any opinion as to the right of a defendant to interpose a counterclaim in a case where he admits the assault alleged in the complaint and then alleges that the plaintiff thereupon became the aggressor and committed an assault upon him; or, in an action for slander where he alleges that the plaintiff at or about the time mentioned in the complaint slandered him, the defendant.

Interlocutory judgment affirmed, with costs.

PARKER, P. J., SMITH, KELLOGG and EDWARDS, JJ., concurred.

Interlocutory judgment affirmed, with costs.