LAWRENCE KING v. COE COMMISSION COMPANY.[1]

July 22, 1904.

Nos. 13,863—(118).

**Counterclaim.**

A counterclaim set up in defendant's answer construed, and *held* to arise out of the transaction set forth in the complaint, as the foundation of plaintiff's cause of action, and a proper subject of counterclaim within the statutes.

[1] Reported in 100 N. W. 667.

Appeal by plaintiff from an order of the district court for Redwood county, Webber, J., overruling a demurrer to a counterclaim set up in defendant's answer. Affirmed.

*Bowers & Howard* and *Wilson & Mercer,* for appellant.

`Geo. D. Emery,` for respondent.

BROWN, J.

This action was brought to recover damages for the alleged fraudulent acts and conduct of defendant. Defendant interposed a counterclaim, which plaintiff demurred to, and from an order overruling it this appeal was taken.

The only question requiring consideration at this time is whether the matter set up in the answer is a proper subject of counterclaim. Whether the transactions involved in the action were gambling transactions the pleadings do not show, and we refer that question to the trial court to determine from the light thrown upon it by the evidence.

Defendant is a corporation engaged in the business of buying, selling, and dealing in grain, provisions, stocks, bonds, and all kinds of securities and property for future delivery, with its principal place of business at Minneapolis, though having branch offices at different points in the state. The complaint alleges, in substance and effect, that at the different dates and times therein stated plaintiff paid and delivered to defendant certain amounts of money to be by it invested in grain for plaintiff, but in the name of defendant, which it contracted and agreed to do; and certain other money necessary, by reason of the fluctuation of the grain market, to protect previous investments and purchases, amounting in the aggregate to a large sum of money. It further alleges that plaintiff was induced to enter into the transactions referred to, and to advance further sums of money to protect investments already made, by the false and fraudulent representations of defendant that it would and had made the investments; that in fact no investments were ever in fact made for plaintiff, and that defendant wrongfully and unlawfully converted the money to its own use.

The answer contains (1) a general denial; (2) allegations of its versions of the contract between the parties, and that defendant fully performed the same; and (3) a counterclaim, which was demurred to. In sum and substance the counterclaim is that defendant made certain

investments for plaintiff in the purchase of grain for future delivery at the times and substantially as outlined in the complaint; ·that by reason of fluctuations in the grain market it was necessary from time to time to advance money on such purchases to protect the same; that at the instance and request of plaintiff, defendant, after having made a series of such investments, advanced and paid out to protect the same various sums of money amounting in the aggregate to about $3,000, for which sum judgment is demanded against plaintiff.

The point made against the counterclaim is that, as plaintiff's cause of action is for a tort, and the counterclaim is based upon the contract, it cannot be interposed in this action. We do not sustain this position. Our statutes, so far as here material, provide as requisites for a counterclaim that it must be an existing one in favor of defendant and against the plaintiff, and arising out of the contract or transactions set forth in the complaint as the foundation of plaintiff's claim. The only question in the case at bar is whether the counterclaim set forth in defendant's answer arises out of the transactions set forth in the complaint. If it does, it is immaterial that one sounds in tort and the other in contract. Emery v. St. Louis, 77 Mo. 339; Gutzman v. Clancy, 114 Wis. 589, 90 N. W. 1081.

The term "transaction,"·as used in the statute, is obviously broader than the term "contract," and authorizes matters to be set up as counterclaim which could not be so pleaded as arising upon the contract relied upon by plaintiff. The cause of action arises from the transaction set forth in the complaint when the combination of acts and events, circumstances and defaults, upon which the rights of the parties are based, when viewed in one aspect, result in plaintiff's right of action, and, when viewed in another aspect, result favorably to defendant. The transaction is not necessarily confined by the facts stated in the complaint, but the defendant may set up new facts, and show the entire transaction, and counterclaim upon that state of facts as the transaction upon which plaintiff's claim is founded. 25 Am. & Eng. Enc. (2d Ed.) 589. The transaction refers not only to an occurrence or act, but to commercial or business transactions or dealings, something in the nature of a contract or a series of contracts with respect to the same business or subject-matter. Barker v. Walbridge, 14 Minn. 351 (469).

That the counterclaim here in question arises out of the transactions

set forth in plaintiff's complaint there can be no serious doubt.    Plaintiff claims that he was induced to enter into the transactions by the fraudulent acts and representations of defendant.    Defendant denies the fraud, alleging that the transactions were entered into at the request of plaintiff; that it fully performed all its engagements in the premises, and advanced plaintiff in furtherance of the transactions the money it seeks to recover.    The counterclaim comes fairly within the statute, and was properly pleaded as such, and the order appealed from is affirmed.

Order affirmed.