MARIA RASPAULO, Plaintiff, *v.* SALVATORE RAGONA, Defendant.

;Supreme Court, Bronx County, March 31, 1926.

**Pleadings — counterclaim — action for assault — counterclaim alleged assault and slander by plaintiff — assault and slander may not be joined under Civil Practice Act, § 258 — evidentiary facts in defenses and counterclaims improper — counterclaim dismissed and evidentiary matter stricken out with leave to serve amended answer.**

A counterclaim set up in defendant's answer to plaintiff's complaint, in an action for damages for injuries suffered, as a result of an assault which plaintiff claims defendant committed, which alleges that the plaintiff assaulted the defendant, and at the same time slandered him to his damage, should be dismissed where, though assault and slander may arise at or about the same time, in the very nature of things they are separate and distinct and may not be joined under section 258 of the Civil Practice Act. Evidentiary facts pleaded by the defendant in both his first and second defenses and counterclaims should be stricken out with leave to defendant to serve an amended answer.

MOTION by plaintiff for an order directing the dismissal of the defendant's counterclaim and to strike out certain evidentiary matter pleaded in his answer and counterclaim.

*Peter F. Gulotta,* for the plaintiff.

*A. J. Oishei Hoschek,* for the defendant.

GIBBS, J.   The action was instituted by the plaintiff to recover damages for personal injuries sustained as the result of an assault committed by the defendant.   The answer denies the material allegations of the complaint and as a first, separate and distinct defense and by way of counterclaim repeats and reiterates the denials set forth in the answer and alleges that the plaintiff assaulted the defendant and at the same time slandered him to his damage in the sum of $10,000.   By way of a second separate defense and counterclaim the defendant alleges that defendant appeared before one of the magistrates in the city of New York charged with assaulting the plaintiff herein; that an examination was had before the magistrate,— the testimony taken at said hearing is annexed to the answer and marked " Exhibit A; " that after hearing the said charges the said magistrate dismissed the proceeding; that this adjudication is a bar to the plaintiff's cause of action herein.

It is evident from an examination of the first separate and distinct defense that defendant has improperly joined a cause of action for slander and one for assault.   His contention is that these two causes arise out of the same transaction.   This contention is not well founded.   Section 258 of the Civil Practice Act provides that " The plaintiff may unite in the same complaint two or more causes of action,   *   *   *   where they are brought to recover as follows:   *   *   *   2. For personal injuries, except libel, slander, criminal conversation or seduction.   3. For libel or slander. *   *   *   9. Upon claims arising out of the same transaction, or transactions connected with the same subject of action, whether or not included within one or more of the other subdivisions of this section.   *   *   *"   An action to recover damages for assault and battery is one for personal injuries within the purview of subdivision 2 of this section.   Assault and slander may arise at or about the same time but in the very nature of things are separate and distinct.   They should not be joined in the same complaint. (*Anderson* v. *Hill,* 53 Barb. 238, 245; *DeWolfe* v. *Abraham,* 151 N. Y. 186.)   Defendant has pleaded evidentiary facts in both his first and second separate defenses and counterclaims.   This does not constitute good pleading.   Motion to dismiss defendant's counterclaim and to strike out evidentiary matter is granted, with ten dollars costs, and with leave to the defendant to serve an amended answer within ten days upon the payment of said costs.   Submit order.