MORRIS SCHECHNER, Plaintiff, *v.* ABRAHAM WITTNER, Defendant.

City Court of New York, August 7, 1927.

**Pleadings — counterclaims — action for assault — assault and malicious prosecution may be pleaded under Civil Practice Act, § 266.**

The defendant in an action to recover damages for assault may, under section 266 of the Civil Practice Act, plead as counterclaims assault and malicious prosecution where the contention of the defendant is that the plaintiff was the aggressor and that the plaintiff was guilty of malicious prosecution in causing the defendant's arrest after the affray.

ACTION for assault. Motion to strike out counterclaims for assault and malicious prosecution.

*David I. Michaelson*, for the plaintiff.

*Francis M. Howitt*, for the defendant.

SHIENTAG, J. The action is for assault. The defense is a general denial. The answer also interposes the plea of self-defense and sets up two counterclaims. The first is for assault on the

theory that it was the plaintiff and not the defendant who committed the assault at the time and place mentioned in the complaint. The second counterclaim is for malicious prosecution, based in effect on the contention that the plaintiff wrongfully prosecuted the defendant for an offense arising out of the alleged assault in question, which the defendant denies he committed. The motion is to strike out the counterclaims as improperly interposed and joined. In 1910 Mr. Justice LAUGHLIN, writing for the Appellate Division, First Department, in *Adams* v. *Schwartz* (137 App. Div. 230), said: " This statutory provision of law regulating practice, which has been in force more than sixty years, has frequently been the subject of judicial construction. Thus far, however, no rule has been laid down in its construction by which it can readily be decided in all cases whether or not a given counterclaim is properly interposed and as might naturally be expected it would be difficult to harmonize all of the decisions on that point." Despite movements in recent years to liberalize practice and to reform and simplify procedure, the uncertainty surrounding the rules relating to the joinder of causes of action and interposition of counterclaims, to some extent, still confronts us. Under section 266 of the Civil Practice Act a counterclaim may be interposed if it is " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." The terms " transaction " and " subject of the action " have been construed to cover torts, and one tort may be counterclaimed against another if the conditions of section 266 are met. Speaking of a somewhat similar clause, CHURCH, Ch. J., in *Wiles* v. *Suydam* (64 N. Y. 173, 177) said: " To invent a rule for determining what the ' same transaction ' means, and when a cause of action shall be deemed to ' arise out ' of it, and what the ' same subject of action ' means, and when transactions are to be deemed connected with it, has taxed the ingenuity of many learned judges * * *. Judge COMSTOCK says of this clause: ' Its language is I think well chosen for the purpose intended, because it is so obscure and so general as to justify the interpretation which shall be found most convenient and best calculated to promote the ends of justice.' [*New York & N. H. R. R. Co.* v. *Schuyler*, 17 N. Y. 592.]" And the learned chief judge then makes the pregnant observation that " there is certainly ample scope for construction, but it is sometimes difficult to determine what interpretation will best promote the ends of justice." In that connection it is well to note the language of Mr. Justice CHASE in *Deagan* v. *Weeks* ([1901] 67 App. Div. 410): " It does not seem to us in accordance with the spirit of modern procedure to give the sections of the Code quoted

such a technical construction that it might require the trial court to twice sit and hear exactly the same facts in actions between the same parties before the proper judgment can be rendered between them." What was regarded as the " spirit of modern procedure " in 1901 seems to us to-day to be quite antiquated and cumbersome, yet, imbued as we are with " an alluring desire for progress and improvement," and confronted with a congestion in our court calendars, often resulting in a denial of justice, we are still prone to consider matters of practice from a somewhat ancient viewpoint, and to regard with misgiving any attempt to apply business methods to the processes of judicial administration. In the case before me a certain incident occurred. There was a quarrel between the plaintiff and the defendant. As the result of this incident several things are claimed to have happened. The plaintiff claims he was assaulted by the defendant. The latter denies this and says that, on the contrary, the plaintiff assaulted him at the very time and place mentioned in the complaint. The plaintiff, claiming to have been assaulted, charged the defendant with disorderly conduct, on which charge the defendant was acquitted in the Magistrate's Court. The defendant claims that he was prosecuted maliciously. Common sense and a desire for an efficient, businesslike disposition of litigation would seem to demand that this entire controversy between the parties be considered and determined at one time. That should not only be permitted, but encouraged, unless there is some statute which stands in the way. If there is, the problem is for the Legislature and not for the courts. If there is not, the doctrine of *stare decisis* should not be permitted to stand in the way of procedural reforms and improvements. Apart from certain more or less formal proof, the same facts will be considered in passing upon the three claims presented in this case by both parties to the litigation, namely, what were the circumstances under which the assault was committed. The rules of law applicable to assault and to malicious prosecution may be different, but the facts to which the legal principles are to be applied are in this case virtually the same. Why, therefore, should these same facts be heard several times rather than once before the controversy between the parties is disposed of? Why should a situation be presented whereby on the same evidence two juries may arrive at different conclusions concerning the facts? I hold that there is nothing in our statute law that requires any such procedure. So far as the defendant's counterclaim for assault is concerned, that under the narrowest construction involves the very same transaction set forth in the complaint as the basis of the plaintiff's claim. That has been so held. (*Deagan* v. *Weeks, supra.*) The claim of mali-

cious prosecution arises out of the very same incident on which the plaintiff's cause of action is based. Despite dicta to the contrary, I have found no case which squarely holds that in an action for assault counterclaims for assault and for malicious prosecution, arising from the incident on which the plaintiff bases his claim, may not be interposed. The cases involving joinder of actions for slander and some other personal injury stand on a different basis as will hereafter be indicated. In *Xenia Branch Bank* v. *Lee* (7 Abb. Pr. 372) the rule is stated that the provision of the Code with which we are concerned was " designed to prescribe a reciprocal rule, and that where a counterclaim is properly pleaded the cause of action to which it is pleaded might likewise be pleaded as a counterclaim if the defendant had brought the action." (*Adams* v. *Schwartz, supra.*) Could the present defendant have sued in one complaint for assault and malicious prosecution? If so, could the present plaintiff have interposed in such action his counterclaim for assault? I believe that both these questions are, under our statute law, to be answered in the affirmative. Section 258, subdivision 2, of the Civil Practice Act provides: " The plaintiff may unite in the same complaint two or more causes of action * * * where they are brought to recover as follows: 2. For personal injuries, except libel, slander, criminal conversation or seduction." Assault and malicious prosecution are personal injuries. (Gen. Constr. Law, § 37-a, as added by Laws of 1920, chap. 917.) They are consistent with each other. So that eliminating any question as to joinder of parties as was presented in *Ader* v. *Blau* (241 N. Y. 7) it seems clear that a plaintiff may in one complaint join an action for assault with one for malicious prosecution, and there is no requirement in the statute that the two causes of action must arise out of the same transaction. It is only when it is attempted to join two causes of action embraced within different subdivisions of section 258 of the Civil Practice Act that the requirement of subdivision 9 thereof, that they must have arisen out of the same transaction, is a condition that must be met. The cases which hold it to be improper to join an action for slander or libel with a claim for another personal injury are not in point, because such joinder is expressly prohibited by section 258, subdivision 2, *supra*. (*De Wolfe* v. *Abraham*, 151 N. Y. 186; *Paul* v. *Ford*, 117 App. Div. 151.) Assuming, therefore, that the present defendant could have sued the plaintiff in one complaint for assault and for malicious prosecution, it is clear that in such action the present plaintiff could have counterclaimed for the assault on which his complaint is based. (*Deagan* v. *Weeks, supra*.) That being so, the present defendant, who is brought into court against his will and who is

seeking to defeat or diminish the plaintiff's claim as well as to secure affirmative relief, should not be placed in any worse position. If anything, the courts have been more liberal in the allowance and joinder of counterclaims than in the joinder of causes of action. The reason for that is self-evident. Indeed, there being no specific restriction as to joinder of counterclaims, it has been questioned whether the provisions of section 258 of the Civil Practice Act are applicable thereto. (*Raspaulo* v. *Ragona*, 127 Misc. 160; 27 Columbia L. Rev. 284.) If the foregoing reasoning has proceeded by indirection, the fault, I trust may be ascribed to the condition of our statute law on the subject and to a desire to take advantage of it, to the end that the issues in controversy between the parties may under the pleadings in this case be determined in one litigation, a procedure that will be just and equitable to all concerned. Motion to strike out counterclaims denied. Order signed.