[No. 24801. Department Two. April 6, 1934.]

N. ARTHUR NELSON, *Respondent*, v. C. O. SWANSON
*et al., Appellants.*[1]

*James P. H. Callahan,* for appellants.

*Ryan, Askren & Ryan* and *Howard W. Sanders,* for respondent.

GERAGHTY, J.—This appeal is from a judgment in favor of the plaintiff for physical injuries and public humiliation suffered through his forcible ejectment by the defendants from a hotel occupied by him under lease in the city of Hoquiam, and for the conversion by defendants of the personal property consisting of the furniture and hotel equipment therein.

[1]Reported in 31 P. (2d) 521.

In his amended complaint, plaintiff, as a first cause of action, alleged that, on or about the 19th day of September, 1932, he was lawfully in possession of the Simpson hotel, in the city of Hoquiam, under a written lease, on which day the defendants C. O. Swanson and Oscar Carlson wrongfully assaulted him and ejected him from the hotel; that he was suffering from a hernia, the fact being known to the defendants, and in the assault his hernia was strained and torn, causing a severe nervous shock, followed by exhaustion and physical pain, resulting to his damage in the sum of twenty-five hundred dollars; that, by this ejectment, he was humiliated and damaged in the eyes of the people in the community in the further sum of five thousand dollars.

In a second cause of action, he alleged damage, through the loss of his business, in the sum of twenty-five hundred dollars. In a third cause of action, he alleged possession of the furniture, fixtures and equipment in the Simpson hotel; that, upon his ejectment therefrom, the defendants assumed control over all of such personal property, and converted the same to their own use; that the furniture, fixtures and equipment so converted were of the value of ten thousand dollars. A demurrer to the complaint, upon the ground of improper joinder of several causes of action, was interposed and overruled.

The defendant Carlson appeared separately, and filed a general denial of the allegations of the amended complaint. Defendants Swanson in their answer denied all the material allegations of the complaint, and alleged, by way of cross-complaint, their status as husband and wife; that they were the owners of the Simpson hotel, and had, by the written lease referred to in the complaint, let the same to plaintiff's assignor; that plaintiff, as assignee of the lease, entered into pos-

session of the premises, subject to the conditions thereof; that, on September 19, 1932, there was due from plaintiff to defendants, on account of unpaid rents, the sum of $4,598; that the lease provided for the purchase by the lessee of the furniture in the hotel, and stipulated that, when fully paid for, a note in the sum of twenty-five hundred dollars, secured by a chattel mortgage on the furniture, was to be delivered to defendants, to be held as security for the prompt payment of the rental provided in the lease; that the furniture was fully paid for, but that plaintiff had refused to execute the note and mortgage; that, by reason of this stipulation in the lease, the answering defendants claimed a lien on the furniture in the sum of twenty-five hundred dollars, as security for the payment of rentals; that, in addition to this specific lien, defendants were entitled to a statutory lien in the sum of six hundred dollars, on account of two months rental upon the hotel; and that, for the purpose of protecting their liens, they took possession of the furniture and fixtures contained in the hotel, and were then holding the same.

In a second cross-complaint, defendants alleged that the lease provided that the lessee should operate the heating plant in the building, and provide heat and hot water for certain storerooms and other portions of the building not used as a hotel; that he defaulted in this stipulation, and negligently and carelessly permitted the heating plant to become defective and unfit for use, by reason whereof the defendants were damaged in the sum of $482.62.

These defendants Swanson then prayed for a dismissal of the amended complaint; for judgment against the plaintiff on their first cross-complaint in the sum of $4,598, together with attorney's fees and costs, that $3,100 thereof be declared a lien on furniture, and that

the lien be foreclosed; and for judgment on their second cross-complaint in the sum of $482.62.

A demurrer to the affirmative answers and cross-complaints of the defendants Swanson was sustained by the trial court, without prejudice to the right of the defendants to maintain independent suits upon the causes of action set out in the cross-complaint.

The cause was tried to the court without a jury. At the close of the trial, the court made findings of fact and conclusions of law favorable to the plaintiff, awarding him, upon the first cause of action, one thousand dollars damages for personal injuries and humiliation suffered in his ejectment by the defendants Swanson and Oscar Carlson. The second cause of action was dismissed, and a judgment for forty-five hundred dollars awarded upon the third cause of action for the conversion of the furniture. From this judgment, the defendants appeal.

Of the numerous assignments of error, all, with the exception of the first two, relate to the merits. Upon the merits, we think the findings of the trial court are amply supported by the evidence. The appellant Swanson, respondent's lessor, early in the morning of September 19th, entered the lobby of the hotel and went behind the desk, and announced to the employees that he was taking charge and that they were to look to him for orders thereafter. The evidence is not clear as to whether respondent was present when appellant entered and announced his purpose to take possession, but there is no evidence of anything implying assent on his part. Respondent remained about, and checked out one guest who left the hotel.

In the afternoon, appellant Swanson returned to the hotel after a short absence, and, finding respondent still there, ordered him out. Upon respondent's refusal to leave, Swanson called his son-in-law, appellant

Carlson, from an adjoining garage, and they both picked respondent up, carried him out of the lobby, and, as one witness expressed it, threw him on the sidewalk. Thereafter, appellant Swanson locked the door of a room occupied by respondent, in which were kept his personal belongings. Since this time, appellant Swanson has retained possession of the hotel, and of the furniture therein, which was the property of respondent at the time of his eviction.

While the respondent may have been in default in the payment of rent and in other provisions of the lease, this did not warrant the appellants in unlawfully entering upon the premises and with force ejecting him therefrom and taking possession of his furniture. As was said in *Spencer v. Commercial Co.*, 30 Wash. 520, 71 Pac. 53, the common law rule which allowed the lessor to regain possession by force no longer obtains. This rule, which made the landlord a law unto himself, has been supplanted by a statutory remedy, speedy, adequate and orderly; and this remedy is exclusive.

Upon the question of the amount of damages awarded respondent for personal injuries and humiliation, and the value of the furniture converted, we think the trial court was in a better position to estimate them than we are, and we are not disposed to disturb his findings.

So far, upon the facts we are in agreement with the trial court. We are constrained, however, to hold that error was committed in sustaining the demurrer to the cross-complaints of appellants Swanson, in so far as it related to the third cause of action for the conversion of the furniture. The respondent seeks here to sustain the trial court's ruling by citing us to cases supporting the principle that a counterclaim based upon a contract cannot be interposed in an action sounding in tort.

This was the rule at common law, but the rule is much modified by the code, and since the adoption of the code system, courts have liberalized the practice in furtherance of one of the fundamental purposes of the system—the avoidance of circuity of action and multiplicity of suits. Under Rem. Rev. Stat., § 265, a counterclaim is permitted when it arises out of one of the following causes of action: (1) A cause of action arising out of the contract, or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action; (2) in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action.

Now, in the case at bar, while the respondent's cause of action for conversion was in tort, the transaction out of which it arose was a contract of lease, and in his complaint he pleads the lease as the foundation and basis of his right to possession. This lease and the relation it created between appellants Swanson and the respondent were essential elements in the transaction set out in the complaint, and were certainly connected with the subject of the action. In its essential aspect, respondent's cause of action was grounded upon his unlawful ejectment from the premises held by him under the lease, and the conversion of his property attendant thereon. As is said by the supreme court of California, in *Story & Isham Commercial Co. v. Story,* 100 Cal. 30, 34 Pac. 671:

"It is for the purpose of enabling the court to render a judgment by which the rights of the parties may be finally determined in the same action, rather than to compel another action, that the code permits a defendant to set up in his answer any new matter arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim; and if the plaintiff omits or fails to set forth in his complaint the

entire transaction out of which his claim arose, the defendant may supplement this omission by setting forth in his answer the omitted facts, so that the entire transaction may be before the court. The plaintiff is not at liberty to select an isolated act or fact, which is only one of a series of acts or steps in the entire transaction, and insist upon a judgment on this fact alone, if the fact is so connected with others that it forms only a portion of the transaction.''

The case of *Scott v. Waggoner,* 48 Mont. 536, 139 Pac. 454, L. R. A. 1916C, 491, is a leading case upon the question here involved. In that case, while the position of the parties was reversed, the reasoning is equally applicable here. The plaintiff sued on a lease, and the defendants counterclaimed in tort for wrongful eviction by the landlord and conversion of his property. In the course of an able opinion, the court said:

''Section 6540, Revised Codes, provides, among other things, that an answer may contain a statement of any new matter constituting a counterclaim, but such counterclaim 'must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action: (1) A cause of action arising out of the contract or transaction, set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action; (2) in an action on contract, any other cause of action on contract, existing at the commencement of the action.' (Sec. 6541.) That these provisions are designed to enable parties litigant to adjust their differences in one action, so far as that can logically be done, and thereby to prevent multiplicity of suits, is made plain by the further provision that if the defendant omit to set up a counterclaim in the classes mentioned in subdivision 1 of section 6541, neither he nor

his assignee can afterward maintain an action against the plaintiff thereon. (Sec. 6547.) For statutes so highly remedial, a broad and liberal construction is required, in order that the purposes designed by them shall be most completely served.

"Thus premising, we take up the declaration of respondent that 'the counterclaim of defendants was a cause of action in tort for conversion of personal property and therefore not the proper subject of counterclaim against plaintiff's cause of action upon contract.' In the prolonged effort to achieve full understanding of the true meaning and purpose of the reformed procedure, many decisions have been promulgated which give countenance to this view; but we think that it cannot be correct. Subdivision 1, above quoted, specifies three things as possible bases of counterclaim, viz., the contract sued on, the transaction set forth, and the subject of the action. Either these things are different and distinct, or the provision is 'a misleading tautology.' Elementary rules of interpretation require that some different significance be given to these terms; but if they are different and distinct, then counterclaims may exist which do not sound in contract. The reason assigned for the doctrine that a counterclaim sounding in tort cannot be pleaded as against a demand upon contract is the supposed impossibility of legal connection between the two events; but every money demand is either upon contract or upon tort, and the same reason may be and is assigned with stronger emphasis for denying the right to plead a counterclaim in tort as against a demand in tort. If a counterclaim in tort cannot be pleaded as against a demand either upon tort or in contract, then, in the case of money demands, we have a counterclaim which is not a counterclaim—a conclusion which cannot be accepted. As pointed out by Mr. Pomeroy (Code Remedies, Div. 6, subd. 1), the solvent of the difficulty lies in the breadth and scope of the terms 'transaction' and 'subject of the action.' The term 'transaction' is not legal and technical—it is common and colloquial; it is therefore to be construed according to the context and to approved usage. (Rev. Codes, sec. 8070.) As so construed it is broader than 'contract' and broader

than 'tort,' although it may include either or both; it is 'that combination of acts and events, circumstances and defaults, which, viewed in one aspect, results in the plaintiff's right of action, and viewed in another aspect, results in the defendant's right of action' . . . (Citing cases).''

In *Kinsman v. Stanhope*, 50 Mont. 41, 144 Pac. 1083, L. R. A. 1916C, 443, the position of the parties to the action was the same as in the case at bar. The plaintiff sued for tort in the conversion of an automobile. The court sustained the defendant's counterclaim for the amount due under a mortgage held by him. In passing upon the issue, the court said:

''It is insisted that, since the plaintiff's action for damages for conversion sounded in tort, a counterclaim for the balance of the purchase price founded in contract and which, it is further contended, does not arise out of the transaction set forth in the complaint, and is not connected with the subject of plaintiff's action, is not such a counterclaim as is permitted by section 6541 of the Revised Codes. In an action for damages for the conversion of personal property, plaintiff 'must recover, if at all, upon the strength of his own title, and not upon the weakness of that of his adversary.' (*Kipp v. Silverman*, 25 Mont. 296, 64 Pac. 884.) It is incumbent upon him to show a general or special ownership in the chattel and a right to its immediate possession at the time of the taking by the defendant. (*Glass v. Basin & Bay State Min. Co.*, 31 Mont. 21, 77 Pac. 302.) To meet the requirements of these rules, plaintiff alleges that, at the time the defendant seized the automobile, he (plaintiff) was 'in the immediate possession of, and entitled to the possession of, said property'; but the admissions in his reply amplify his former pleading, so that, in effect, his complaint charges that, at the time defendant seized the automobile, plaintiff was entitled to the possession of it by virtue of his purchase of it from the defendant pursuant to the terms of the sale agreement. Since plaintiff's right of possession depended upon his pur-

chase of it, and his right to the possession was a necessary part of his right of action, it would seem to follow that the purchase of the automobile was a part of the transaction set forth in plaintiff's complaint as modified by the admissions in his reply, and that the defendant's counterclaim for the balance of the purchase price arose out of the same transaction, or, at least, was connected with the subject of the action. The question at issue was which party, plaintiff or defendant, was entitled to the possession of the automobile at the time defendant seized it. Under like circumstances, and construing a statute identical with section 6541, subdivision 1, above, the supreme court of New York held, in an action for damages for the conversion of a note and collateral security, that defendant might counterclaim for the balance due on the note. (*Empire Dairy Feed Co. v. Chatham Nat. Bank,* 30 App. Div. 476, 52 N. Y. Supp. 387.)''

We quote from these two cases rather at length, because they are leading cases upon the principle here in issue, and are both extensively annotated in the cited volume of L. R. A.

To the same effect is *King v. Coe Commission Co.,* 93 Minn. 52, 100 N. W. 667:

''The point made against the counterclaim is that, as plaintiff's cause of action is for a tort, and the counterclaim is based upon the contract, it cannot be interposed in this action. We do not sustain this position. Our statutes, so far as here material, provide as requisites for a counterclaim that it must be an existing one in favor of defendant and against the plaintiff, and arising out of the contract or transactions set forth in the complaint as the foundation of plaintiff's claim. The only question in the case at bar is whether the counterclaim set forth in defendant's answer arises out of the transactions set forth in the complaint. If it does, it is immaterial that one sounds in tort and the other in contract. *Emery v. St. Louis,* 77 Mo. 339; *Gutzman v. Clancy,* 114 Wis. 589, 90 N. W. 1081 [58 L. R. A. 744].

"The term 'transaction,' as used in the statute, is obviously broader than the term 'contract,' and authorizes matters to be set up as counterclaim which could not be so pleaded as arising upon the contract relied upon by plaintiff. The cause of action arises from the transaction set forth in the complaint when the combination of acts and events, circumstances and defaults, upon which the rights of the parties are based, when viewed in one aspect, result in plaintiff's right of action, and, when viewed in another aspect, result favorably to defendant."

The respondent argues that, whatever the rule may be in other jurisdictions, it has always been the law in this state that a counterclaim founded upon a contract cannot be interposed in a suit based upon a tort. The cases cited by respondent do not sustain this position. *Cunningham v. Long*, 134 Wash. 433, 235 Pac. 964, is the case nearest in point, but this case, instead of supporting respondent's contention, rather makes against him, in that it illustrates the line of demarcation between permissible counterclaims and those not within the terms of the statute. There, a debt arising out of an independent transaction assigned to the defendant was sought to be interposed as a counterclaim in an action for the conversion of an automobile. It was held that the counterclaim could not be maintained, since it did not arise out of the same transaction and was not connected therewith, within the terms of Rem. Rev. Stat., § 265.

Independently of high judicial authority, it would seem illogical and futile to deny appellants the right to counterclaim for the amount due from respondent under the lease, and remit them to another suit. In connection with the furniture, it is to be noted that, at the time of the execution of the lease, it was owned by the landlord, appellant Swanson, and was purchased by respondent and his assignor upon terms set forth

in the lease, and when paid for was to be held as security for payment of the stipulated rental. The leasing of the premises and the purchase of the furniture, and its retention as security, were all parts of the same transaction. Respondent's claim to possession of the hotel and his ownership of the furniture arose out of the lease, and appellants, unlawful as was their procedure, yet were assuming to exercise their rights under the lease.

After his ejectment from the hotel and the conversion of his furniture, the respondent could have sued either in tort or for breach of the lease. If he had sued for a breach of the lease, certainly there could be no question of the right of appellants Swanson to interpose their counterclaims. Respondent should not be permitted to defeat this right by the expedient of suing in tort. The essential relation of the parties remained the same. *King v. Coe Commission Co., supra.*

Our conclusion is that the case be remanded, with direction to vacate the judgment entered upon the third cause of action, and to overrule the demurrer to appellants' cross-complaints, and for further proceedings in accordance with the views expressed in this opinion.

Under the circumstances, we think neither side should recover costs upon this appeal.

BEALS, C. J., TOLMAN, MILLARD, and BLAKE, JJ., concur.