## Fox v. Fogelman

*Leonard Orloff*, for plaintiff.
*John Patrick Walsh*, for defendant.

CRUMLISH, J., May 27, 1946.—This is an action in trespass, wherein two causes of action are alleged; one for assault and battery, the other, slander. Plaintiff filed a statement of claim alleging that on August 23, 1945, at defendant's place of business, 1321 Locust Street, Philadelphia, defendant attacked and beat plaintiff. It is alleged plaintiff was at the time in the employ of defendant. After the beating, defendant chased plaintiff west on Locust Street and north on Broad Street, calling him "thief", "crook", and "other opprobrious terms and epithets". Plaintiff claimed punitive, exemplary and compensatory damages in the sum of $5,000.

Within 15 days defendant filed a motion and rule to show cause why the statement of claim should not be stricken off, and the matter is before the court on that motion. Defendant averred a misjoinder of these causes of action, in that the joinder violates the Practice Act of May 14, 1915, P. L. 483, sec. 1; April 14, 1921, P. L. 144, sec. 1, 12 PS §382, and the Procedure Act of May 25, 1887, P. L. 271, 12 PS §2. Defendant cited the procedural difficulty confronting him of not being able to answer both causes of action in a single pleading. Defendant also moved to strike the statement of claim for uncertainty and ambiguity, and be-

cause the statement lumped all the claims for damages in both causes of action.

The question is one of procedure. The immediate inquiry is whether, in this advanced day and age, a plaintiff may claim damages, in one action, for assault and battery (trespass vi et armis) and libel (trespass on the case). When Mr. Fogelman, also known as "Bennie the Bum", gave vent to his indignation and chased plaintiff, Mr. Fox, through our streets, heaping upon plaintiff, as they proceeded, those opprobrious terms and other epithets in the manner alleged in the statement of claim, we do not suppose he gave any thought to the fact that he was also chasing us back to the realm of common-law practice and procedure, to deal with a situation without precedent in our reported decisions, and one which may call for the attention and recommendation of the Pennsylvania Procedural Rules Committee.

Prior to the Procedure Act of 1887, supra, it was settled . . .

"That different counts may be joined in one action, either when the same plea may be pleaded and the same judgment given, on all the counts of the declaration, or when the counts are of the same nature, and the same judgment is to be given on them all," per Sergeant, J., in Martin v. Stille, 3 Wharton 336-346 (1837) ; Smith v. Rutherford, 2 S. & R. 358 (1816). By this rule we may decide in general what forms of action may be joined in the same declaration: Chitty's Pleadings, Vol. 1, 16th Am. Ed. 292. For example, a claim for slander could be joined with one for malicious prosecution: Miles v. Oldfield, 4 Yeates 423, 2 Am. Dec. 412 (1807). Neither the court nor counsel has been able to find a reported decision in this jurisdiction dealing with a situation involving the joinder of counts for assault and battery and slander in the same action. However, authoritative textbook writers tell us that trespass cannot be joined with case:

Chitty's Pleadings, Vol. 1, 16th Am. Ed. 294; 1 Am. Jur. 463, sec. 73; and dictum to this effect may be found in Smith v. Meanor, 16 S. & R. 375, 377 (1827); Pa. R.R. Co. v. Zug, 47 Pa. 480, 484 (1864); Brant v. Lorenze, 17 Phila. 2 (1877).

The present difficulty of defendant's position is that he is asked to answer two causes of action, joined in a single action of trespass, one of which, slander, being governed by the Procedure Act of 1887, the other, assault and battery being governed by the new and different procedure established for actions in trespass by the Practice Act of 1915. The Practice Act of 1915 specifically excludes actions in libel and slander, its title reads:

"An Act relating to practice in the courts of common pleas in actions of assumpsit and trespass, except actions for libel and slander; prescribing the pleadings and procedure to be observed therein, and giving the courts power to enforce its provisions." (12 PS §382.)

Under this act, special pleas are abolished, and in actions of trespass, defendant need only deny averments of the person by whom the act was committed, agency or employment of such person, or ownership or possession of the instrumentality involved: Act of May 14, 1915, P. L. 483, sec. 13; April 4, 1929, P. L. 140, sec. 1, 12 PS §412.

Pleadings of defendant in actions of libel and slander are governed by the Procedure Act of 1887, which established procedure in all actions of trespass prior to 1915. Under it, defendant may attack the sufficiency of plaintiff's statement by a rule for a more specific statement of claim, or a bill of particulars: Banks v. Jackson, 45 D. & C. 643 (1942); Jones v. Wilkes-Barre Independent Co. 37 Luz. 225 (1943). Defendant may also file a demurrer, whereas, under the Practice Act demurrers are abolished, and an affidavit of defense raising questions of law substituted

therefor: section 20, 12 PS §471. Perhaps the best illustration of defendant's problem, under the pleadings, is the difference in method of raising objections to misjoinder of causes of action. Prior to the Practice Act of 1915, such objections were made by demurrer. Defendant has filed a motion to strike, the allegations of which raise questions of law, namely, misjoinder, and we may treat the motion as a statutory demurrer under section 20 of the Practice Act of 1915, as to that portion of the statement of claim relating to assault and battery: Riling v. Idell, 291 Pa. 472 (1928) ; and as a demurrer to the portion dealing with slander: Whitney v. Haskell, 216 Pa. 622 (1907). Pleas in abatement, pleas in bar and pleas to the general issue are peculiar to actions in libel and slander, but not to assault and battery. An example of special defensive statutory pleading in libel and slander is the plea of justification: Act of April 11, 1901, P. L. 74, sec. 2, 12 PS §1582. On the other hand, it is noted that the statement of claim alleges the existence of the master and servant relationship between defendant and plaintiff, and also an injury in the course of plaintiff's employment. We observe that it is conceivable such a claim might fall within the provisions of the Workmen's Compensation Act, as regards the assault and battery though the action in slander never could.

Therefore, as a matter of procedure, if defendant is required to answer the causes of action joined, he finds himself confronted with as many different manners of answering each as there are differences in procedure in trespass actions which were brought prior to the Practice Act of 1915 and those which followed it. It is true, these differences arise as matters of procedure, but it is to difficulties in procedure that defendant addresses his complaint.

Plaintiff urges that in view of the modern trend to merge and consolidate actions between the same par-

ties, arising out of the same transaction, the statement should be permitted to stand. First, it should be remarked that the mere fact that both torts are alleged to have been committed at or about the same time, does not in itself justify joinder: Raspaulo v. Ragona, 127 Misc 160, 215 N. Y. Supp. 407 (1926); 1 C. J. S. 1249, sec. 92. In this respect, the instant case is distinguished from Miles v. Oldfield, supra, because in the latter, two causes of action arose from the utterance of the words, not from separate and distinct acts of the defendant. The question is whether there is a misjoinder of different actions: Martin v. Stille, supra. Second, it should be remembered that the limitation imposed on statutes and rules of court designed to simplify and expedite litigation is that such rules shall not affect the legal rights of the parties: McKay v. Beatty, 348 Pa. 286 (1944). The Philadelphia Common Pleas Rules of Court recognize the procedural distinctions in the two causes of action. Rule 46, relating to endorsement of the statement of claim in actions in libel and slander, states defendant shall be notified to file a plea within 15 days, whereas in other actions in trespass, the endorsement notifies defendant to file an affidavit of defense. Rule 60, relating to affidavits of defense, does not refer to actions in libel and slander, though it specifies other actions, ex delicto, to which the rule applies. The Pennsylvania Rules of Civil Procedure make no provisions for the joinder of such causes of action.

In order to facilitate the trial of the two causes, and to avoid expense, after the issues have been properly joined, resort may be had to Pa. R. C. P. 213 (a), which provides for consolidation in such cases. However, at the present stage of the litigation, the distinct and separate nature of the causes of action, and the different rules governing defenses and defensive pleadings, prohibit joinder.

Accordingly, defendant's rule is made absolute, pro tanto, and the objection is sustained as to such portions of the statement of claim which relate to the action for slander, without prejudice to plaintiff's right to commence a separate action therefor.

Having ruled thus, it is unnecessary to consider the remainder of defendant's motion.