[No. 2197. Decided July 9, 1896.]

JOHN GRADEN *et al., Appellants, v.* A. S. TURNER, *Respondent.*

EXECUTION — LEVY AND SALE — INDIVIDUAL INTEREST IN PARTNERSHIP PROPERTY.

Under Code Proc., § 802, providing that when a defendant owns personal property jointly or in copartnership with any other person, and the interest cannot be separately attached, the sheriff shall take possession of the property, unless bond be given, and shall proceed to sell the interest of defendant, the sheriff, or, in proceedings in a justice's court, the constable, is authorized to levy execution upon partnership property to satisfy a judgment against an individual partner.

Appeal from Superior Court, Snohomish County. — Hon. JOHN C. DENNEY, Judge. Affirmed.

*Coleman & Hart,* for appellants.

*Bell & Austin,* for respondent.

The opinion of the court was delivered by

DUNBAR, J. — The appellants were co-partners, and were lawfully in the possession of a certain lot of sawlogs, when the respondent, as constable, and by virtue of executions against the property of one of the appellants, Adolph Plate, a member of said firm, levied upon all of Plate's interest in said sawlogs and took them into his possession for the purpose of selling said interest to satisfy the executions which he held. After the taking, appellants demanded the return of the logs from respondent, which, being refused, they brought this action of claim and delivery to recover possession of them. They gave the bond provided for by statute, took the logs into their possession, subsequently sold the same and applied the

proceeds thereof to the payment of the debts of the co-partnership. The case was tried to the court, who held that the respondent as constable was entitled to levy upon the interest of Plate in the said logs, and sell the same and that the action brought by the appellants would not lie.

It is contended by the appellants that upon an execution against one partner, the sale cannot be made of any specific chattel belonging to the partnership, but that in such a case a levy and seizure are held to be a trespass. The appellants have collated a great number of authorities on the question of how the interest of a partner in a partnership may be levied upon in an execution, and sold to satisfy his individual debts. They admit that the authorities are divided upon the proposition, but insist that the better reasoned cases support their view.

Interesting as the discussion presented in the brief of appellants may be as a general proposition of law, we think the authorities cited have no application in this state by reason of our statute, which especially provides, (§ 802, Code of Procedure), that when a defendant

" Owns personal property jointly or in copartnership with any other person, and the interest cannot be separately attached, the sheriff shall take possession of the property, unless the other person having an interest therein shall give the sheriff a sufficient bond, with surety, to hold and manage the property according to law; and the sheriff shall then proceed to sell the interest of the defendant in such property, describing such interest in his advertisement as nearly as may be, and the purchaser shall acquire all the interest of such defendant therein."

This provision of the law is so direct and definite

that it seems to us that it leaves nothing to be said on the proposition.

It is contended by the appellants that this law has reference only to executions issued out of the superior court, but we do not think it was the intention of the legislature to provide one remedy for judgment creditors in the superior court, and another and different remedy for judgment creditors in the justice's court.

Nor can the second objection of appellants prevail, that it does not apply to a levy upon the partnership, but only to a levy upon joint or common owners, for the language of the law is, "when he owns personal property jointly or in copartnership with any other person." We think there is nothing in this case which would take it from the provisions of the statute above referred to, and the judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.