[No. 19050. Department One. May 13, 1925.]

WILLIAM H. CUNNINGHAM, *Respondent*, v. CLARENCE E. LONG *et al.*, *Appellants.*[1]

ACTION (15)—TROVER AND CONVERSION (20)—FORM OF ACTION—COMPLAINT. An action to recover the reasonable value of plaintiff's interest in an automobile, alleging a conversion, in which the court found that defendants wrongfully and unlawfully converted the automobile, is one for conversion and not in assumpsit.

SET-OFF AND COUNTERCLAIM (11)—CLAIMS ARISING OUT OF SAME TRANSACTION. A counterclaim for a debt due on an independent transaction cannot be interposed in an action for the conversion of an automobile, since it does not arise out of the same transaction and was not connected therewith, within Rem. Comp. Stat., § 265.

SAME (14)—PARTIES TO AND MUTUALITY OF CROSS-DEMANDS. A debt due by plaintiff to only part of joint defendants cannot be set off against the joint debt due plaintiff.

SALES (180)—CONDITIONAL SALES—WAIVER OF FORFEITURE. Where a conditional sales vendor granted an extension of time for making payments, his assignee cannot forfeit the contract for default in payments without giving notice and a reasonable time to make them.

SHERIFFS (18-1)—FAILURE TO RETURN PROPERTY ON RELEASE OF WRIT. A sheriff, whose duty it was to deliver attached property to the defendant when the action was dismissed, is liable for a conversion where he neglected to do so, but gave authority to the keeper to deliver it to another.

[1]Reported in 235 Pac. 964.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered July 8, 1924, upon findings in favor of the plaintiff, in an action of trover, tried to the court. Affirmed.

*Chas. H. Leavy* and *A. O. Colburn*, for appellants Long and Wyland.

*E. H. Belden*, for appellants Blackwell Motor Company and R. F. Blackwell.

*E. Eugene Davis* and *Charles E. Swan*, for respondent.

MAIN, J.—This was an action of conversion of personal property. The cause was tried to the court without a jury, and resulted in findings of fact and conclusion of law sustaining the right of recovery. Judgment was entered against the defendants R. F. Blackwell, Blackwell Motor Co., Clarence E. Long, L. E. Wyland and S. G. Garrett. As to the defendant C. E. Lucas, the action was dismissed. All of the defendants against whom judgment was entered have appealed.

On July 21, 1922, the respondent purchased from the Blackwell Motor Co. an automobile bus, upon conditional sale contract, for $3,000. One thousand five hundred dollars was to be paid upon the signing of the contract, and the balance in monthly installments until the full purchase price should have been paid. The bus was delivered to the respondent, and he used it upon one of his stage lines. From time to time, he made payments upon the contract, but at times these were not made when due. If the respondent was not able to make the payment the motor company would give him an extension of time. The respondent became indebted to the appellant Garrett for merchandise sold and delivered in approximately the sum of $900. On June 26, 1923, Garrett assigned this account to C. E. Lucas,

who began an action upon it and caused an attachment to issue and be levied upon the automobile bus, which was taken into possession by C. E. Long, as sheriff of Spokane county, and delivered to the Blackwell Motor Company as keeper. A few days later, Garrett purchased from the Blackwell Motor Co. its interest in the contract, paying the balance due thereon, and took an assignment thereof. Following this, Lucas, who was at all times acting for Garrett, on July 3, 1923, dismissed the action out of which the attachment had issued. The sheriff was notified of the dismissal and, by his chief clerk, wrote a letter to the Blackwell Motor Co. giving it authority,

"   . . .   to release that certain Reo Winton truck left with you as keeper in the case of C. E. Lucas v. William Cunningham upon payment of any storage charges due you for the storage of said truck."

The motor company thereupon turned the bus or truck over to Garrett, who served notice of the forfeiture of the conditional sale contract for failure to make the payments when due. Thereafter Garrett claimed to be the owner of the truck and refused to deliver it to the respondent unless he would pay not only the balance due upon the conditional sale contract but, in addition to this, what he was owing to Garrett upon the account for merchandise sold and delivered.

As stated, the present action was begun seeking recovery for the reasonable value of the respondent's interest in the vehicle. The first inquiry is as to the nature of this action. The appellants Blackwell Motor Co. and R. F. Blackwell in their brief say, "there is no question but that the nature of the action is assumpsit." The appellants C. E. Long, as sheriff, and his deputy, L. E. Wyland, in their brief say, "this action is one in conversion." The complaint alleges conversion. The action was tried upon that theory. The

evidence supports the complaint and the finding of the trial court that the appellants "wrongfully and unlawfully converted said truck automobile to their own use." There can be no question but that the action was one for conversion and not in assumpsit.

It is true that the respondent could have waived the tort, affirmed the sale, and recovered upon an implied contract, had he seen fit to do so, but the evidence in this case shows that he did not proceed in that way. In his answer, Garrett had pleaded a counterclaim for the merchandise which he had sold and delivered to the respondent. Upon the trial, the evidence in support of this counterclaim was rejected by the court. The appellants Blackwell now contend that that was error; that the counterclaim was properly pleaded and that evidence should have been received in its support. Assuming, for the purposes of this action only, that the Blackwells can raise this question, it will not assist them. It did not arise out of the transaction set forth in the complaint as the foundation of the respondent's right to recover damages and it was not connected with the subject-matter thereof. Under Rem. Comp. Stat., § 265 [P. C. § 8352], the ruling of the trial court was correct.

In addition to this, it was a debt claimed to be due by the respondent to only one of the appellants. The rule as stated in 34 Cyc. 728, is as follows:

"A debt due by plaintiff to only part of joint defendants cannot be set off against the joint debt due to plaintiff, . . ."

There is a further contention made that the respondent had waived his right to the possession of the automobile and therefore has no right to maintain the action. The evidence shows nothing which would justify the court in holding that the respondent had ac-

quiesced in the taking or waived his right to wage an action for conversion.

There is also the further contention that the Blackwell Motor Co. held the bus by the consent of the respondent. The evidence does not sustain this position. The Blackwell Co. did not get possession of the property and did not hold it under its conditional sale contract, but held it as keeper for the sheriff under the attachment, and in this capacity, as stated, turned it over to Garrett, who wrongfully undertook to forfeit the contract without giving the respondent a reasonable time in which to meet the payments. Garrett was in no better position than the Blackwell Motor Co., who gave an extension of the time for making payments and in view of this would not have the right to forfeit the contract without giving the purchaser an opportunity to pay.

This brings us to a consideration of the appeal by the sheriff C. E. Long and his deputy. They take the position of non-liability because they say if they were at fault it was mere non-feasance and not misfeasance. It was the duty of the sheriff under § 670, Rem. Comp. Stat. [P. C. § 7402], when the action was dismissed out of which the attachment issued, to cause the property in controversy to ''be delivered to the defendant or his agent.'' This was not done. As stated, a letter was written authorizing the keeper to release the bus. Under this authorization, it was turned over to Garrett. The original taking of the property under the attachment was rightful. The sheriff's neglect of duty came when he failed to cause it to be returned to the respondent, as under the mandate of the statute he was required to do. This is not an action of trespass. Some of the authorities cited by the appellants are trespass' cases and for that reason are not in point. It is an ac-

tion of trover.   One of the distinctions between the two as pointed out in Cooley on Torts (2d ed.), p. 517, is,

". . . the first of which is, that in trespass there is always either an original wrongful taking, or a taking made wrongful *ab initio* by subsequent misconduct; while in trover, the original taking is supposed or assumed to be lawful, and often the only wrongs consist in a refusal to surrender a possession which was originally rightful, but the right to which has terminated."

It is also claimed by Long and Wyland, upon their appeal, that the sheriff was acting under the direction of Lucas, and therefore they are not liable. The conversion did not consist in levying the original attachment. The action had been dismissed. The sheriff no longer represented the plaintiff in the action, and independently of the plaintiff, it became his duty to restore the property which had been taken by the attachment to the person rightfully entitled to the possession thereof.

The judgment will be affirmed.

TOLMAN, C. J., BRIDGES, ASKREN, and PARKER, JJ., concur.