[No. 19904.    Department One.    July 16, 1926.]

SAM ROMEY, *Respondent*, v. W. R. SHEARER *et al.,*
*Appellants.*[1]

[1] PARTNERSHIP (57)—ACTIONS—NECESSARY PARTIES PLAINTIFF.
In an action by one partner to enjoin the levy and sale of the
entire property of the partnership, under execution for the
individual debt of his copartner, the copartner is not a necessary
party to the action, having no interest; in view of Rem. Comp.
Stat., § 580, providing for the seizure and sale of his interests
in the partnership for his personal debt.

[2] EXECUTION (17)—PARTNERSHIP (66)—LEVY OF EXECUTION ON
JUDGMENT AGAINST PARTNER FOR INDIVIDUAL DEBT. Injunction
lies to prevent the sheriff from levying upon and selling the
entire property of a partnership as the property of one of the
partners, in view of the statute requiring him to proceed by
selling only the interests of the copartner therein.

Appeal from a judgment of the superior court for
King county, Simpson, J., entered October 9, 1924,
upon findings in favor of the plaintiff, in an action to
enjoin an execution sale of partnership property, tried
to the court. Affirmed.

*J. Kalina,* for appellant.

*Eimon L. Wienir,* for respondent.

FULLERTON, J.—On April 27, 1923, the respondent
Romey and one Gromet entered into a partnership for
the purpose of conducting a poultry business in the
city of Seattle. At the time of entering therein, each
of the parties contributed thereto certain personal
property, consisting in part of store fixtures and a
Ford delivery truck. This property was thereafter
used in the conduct of the partnership business. Prior
to the formation of the partnership, the appellant,
Shearer, obtained a judgment in the superior court of

[1]Reported in 247 Pac. 949.

King county against Gromet on his individual debt. After the formation of the copartnership, Shearer caused a writ of execution to issue on the judgment against the property of Gromet, and caused the writ to be placed in the hands of the appellant, Starwich, who is the sheriff of King county, for execution. That officer, in the execution of the writ, levied upon the property of the partnership as the property of Gromet, and advertised it for sale as such. The respondent thereupon began the present action against the judgment creditor and the sheriff to enjoin the sale and secure a release of the property. He brought the action in his own name, alleging in his complaint that his partner had refused to join in the action. He did not, however, make his partner a party defendant. The appellants demurred to the complaint on the special ground of defect of parties and on the general ground of want of sufficient facts. The demurrer was overruled, whereupon the appellants joined issued on the allegations of the complaint, and thereafter a trial was had before the court, sitting without a jury, resulting in a judgment granting to the respondent the relief demanded in the complaint. The appeal is from the judgment so entered.

[1] The appellants first contend that the court erred in refusing to hold that there was a defect of parties. It is the rule of the common law, and in this state it is made the rule by statute (Rem. Comp. Stat., § 189) [P. C. § 8270], that all persons necessary to a complete determination of the question involved in an action must be made parties thereto, either as plaintiffs or defendants; the statute further providing that a necessary party whose interests are in common with the party making the complaint, who refuses to join as plaintiff, shall be made a party defendant. (Ib.) But we are not persuaded that the partner Gromet was, in this in-

stance, a necessary party to the action. By the statute (Ib. § 580) [P. C. § 7837], his interest in the partnership property was subject to seizure and sale on an execution issued on the judgment against him, notwithstanding the judgment was obtained on a personal debt in which the partnership was in no way connected or involved. Neither he individually, nor the partnership as an entity, could prevent the sale on any ground which did not involve the validity of the judgment on which the execution issued. Nor could the other partner prevent the sale, merely because it was an attempt to sell his partner's interest in the partnership property. Nor is his complaint based on any such ground. He objects because the sheriff, contrary to the statute as he contends, seized the entire property of the partnership, his interest as well as the interest of his partner, and is proceeding to sell it as the property of the partner for the partner's individual debt. He is seeking only to protect his individual interest, and clearly, we think, the partner, Gromet, has no interest in such a controversy. Having no interest, it must follow as of course that he is not a necessary party to the action.

The case of *Dew v. Pearson*, 73 Wash. 602, 132 Pac. 412, on which the appellants principally rely, is not in point. That was an action having its foundation in a contract made with a partnership, in which one of the partners attempted to sue as the representative of the partnership. Manifestly, all of the partners had an interest in the action, and we held, we think rightly, that the partner suing could not maintain the action without joining his copartners, either as plaintiffs or as defendants. The case does not hold that a partner may not individually maintain an action to protect his individual interest in partnership property, when the

partnership property is attacked in such a way as to wrongfully affect his individual interest.

[2] The second ground of the demurrer involves the merits of the controversy, and may be noticed with that question. On the merits, we think, the case was correctly determined. The sheriff was not proceeding in accordance with the terms of the statute authorizing a sale on execution of a partner's interest in partnership property. He levied upon the entire property of the partnership as the property of one of the partners and was proceeding to sell it as such, whereas the statute provides that he shall take possession of the property and then proceed to sell the interest of the partner therein, describing such interest in his advertisement as near as may be. As we held in *Skavdale v. Moyer*, 21 Wash. 10, 56 Pac. 841, 46 L. R. A. 481, such a levy is void, and a sale thereunder a conversion of the property.

The judgment is affirmed.

TOLMAN, C. J., BRIDGES, HOLCOMB, and ASKREN, JJ., concur.