[No. 20577.   Department One.   August 26, 1927.]

WESTERN BOND & MORTGAGE COMPANY, *Respondent,* v. OSCAR N. CHESTER, *as Sheriff for Pacific County, et al., Appellants.*[1]

[1] SHERIFFS AND CONSTABLES (14)—WRONGFUL LEVY—PROPERTY OF THIRD PERSONS—JOINT INTEREST. The sheriff, in seizing, under attachment, personal property in the possession of the debtor under a conditional sales contract which reserved the title in the vendor, does so at his peril, so far as the vendor's interest is concerned, should the debtor's interest be lost; and in that event, he is liable to the vendor for the loss of the property regardless of the care he took of it.

[2] SAME (21)—ACTIONS AGAINST—DEFENSES. Rem. Comp. Stat., § 580, providing for a method of procedure for the levy of an execution upon the interest of the debtor in property jointly held, is no protection to the sheriff in levying a writ of attachment, where the restrictions in the statute for the protection of joint owners were not observed.

[3] SAME (24) — ACTIONS FOR WRONGFUL LEVY — EVIDENCE — NEGLIGENCE. A sheriff is guilty of negligence, as a matter of law, in levying upon an auto truck, where he took it away and left it in an exposed place without lock or guard of any kind.

[4] SALES (182) — CONDITIONAL SALES — REMEDIES OF SELLER — FORFEITURE. A conditional sale vendee's interest in a truck is shown to have been forfeited, where, upon the levy of an attachment upon it, he told the vendor he would surrender his

[1]Reported in 259 Pac. 13.

interest, and the vendor acted thereon and demanded of the sheriff its return or its value.

[5] Appeal (465)—Review—Error Cured by Verdict. Error cannot be assigned on failure to limit recovery for an auto truck to the plaintiff's interest, where the jury returned a verdict for less than such interest.

[6] Sheriffs (27)—Actions for Wrongful Levy—Damages. In an action against a sheriff for conversion, the value of property wrongfully seized is to be determined as of the time of the seizure.

[7] Attachment (56)—Wrongful Levy—Persons Liable—Parties Aiding. Where property is wrongfully seized by the sheriff, recovery may be had against him jointly with the plaintiff who directed the sheriff's levy.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered December 31, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action of trover. Affirmed.

*John I. O'Phelan, Fred M. Bond,* and *Geo. T. Swasey,* for appellants.

*Welsh & Welsh, Henry M. Isaacs,* and *Stephen H. Boyles,* for respondent.

Fullerton, J.—In this action, the respondent, Western Bond & Mortgage Company, recovered against the appellants Chester and Chambers for the wrongful conversion of an automobile truck. The action was tried by the court sitting with a jury. The court, however, in its instructions, took from the jury all questions except the question of the value of the truck. The jury found the value to be $200, and it was for this sum that the judgment was entered.

The facts giving rise to the controversy are in substance these: On August 15, 1925, a concern known as the Raymond Auto Company was the owner of the truck in question. On that day, they sold it to one Charles Lonsdalen on a contract of conditional sale

and delivered it into his possession. The contract provided for instalment payments, which extended over a period of ten months, and reserved title to the truck in the seller until the final instalment was paid. On the same day, the concern named sold the contract, and its remaining interest in the truck, to the respondent. On October 30, 1925, the appellant Chambers began an action in a justice's court of Pacific county against Lonsdalen, and, at the time, sued out a writ of attachment against the property of Lonsdalen. The writ was placed in the hands of his co-appellant Chester, who was sheriff of Pacific county, with directions to levy the writ upon the truck. The sheriff did so levy it, seizing the truck and taking it to a logging camp, where he left it in an exposed position in an open shed. The truck was thereafter, by persons unknown, stripped of practically all of its valuable parts; a witness testifying that the value of the part remaining did not exceed the sum of twenty-five or thirty dollars.

At the time of the levy, Lonsdalen was in default in his payments, and, after the levy, announced to the respondent that he would make no further payments on the contract of purchase. The respondent thereupon demanded of the appellants either a return of the truck or the payment of the amount due on the contract. The appellants refused to comply with either of these demands. Later on, the attachment was released, when the sheriff told Lonsdalen that he could take the truck at the place and in the condition it then was. He did not tender it at the place from which he seized it, nor did he offer to restore it to the condition it was at the time he seized it, nor did he offer at any time to return it to the respondent.

[1] Of the assignments of error, the first to be noticed is that the court too narrowly restricted the issues in submitting the cause to the jury. It is con-

tended that the seizure of the truck under the writ of attachment was lawful, and that, in consequence, the sheriff, since he did not make an unlawful levy, was not liable for injury to, or loss or destruction of the property, unless such injury, loss or destruction was the result of his negligence, and that he was entitled to take the verdict of the jury on the question, whether he was or was not so negligent.

It may be that, under the rule of the case of *Cunningham v. Long,* 134 Wash. 433, 235 Pac. 964, the attachment, as against the interests of Lonsdalen, was lawful, but it does not follow that it was so as against the interests of the respondent. In the absence of a statute specially authorizing it, a sheriff, under a writ of attachment against the property of a debtor owning property in common or jointly with another incapable of being separately attached, may not lawfully seize the entire property. If he does so seize it, he seizes it at his peril, and if the interest of the co-owner is lost by the seizure, the sheriff, and those aiding and abetting him, are guilty of a conversion of the property, and liable to respond in damages for the loss. In this state, we have no statute directly providing a method by which the common or joint interest of a debtor in personal property may be levied upon under a writ of attachment.

[2] We have, it is true, a statute providing a method for the seizure and sale of such interest on a writ of execution. (Rem. Comp. Stat., § 580) [P. C. § 7837]. But if it be said that this statute is applicable by analogy to a levy under a writ of attachment, it does not aid the appellants here. It contains restrictions intended for the protection of the owner, which were not complied with in this instance. It follows that the question of the sheriff's negligence is not a material question. Having wrongfully seized the prop-

erty, he is liable for the loss the respondent suffered by his act, regardless of the care he took of the property after its seizure.

[3] But, if we were to accept the theory of the appellants as to the rights of the sheriff, it would still follow that there was no error in the ruling of the court. The evidence as to the care the sheriff exercised over the property is not in dispute. It shows that he took it from the possession of the attachment debtor, carried it away, and left it in an exposed place without lock or guard over it of any kind. Manifestly, the court could say, as matter of law, that this was negligent care.

[4] In this connection, it is contended that the trial court erred, in that it assumed in its instructions to the jury that the interest of the respondent in the truck was the entire interest. It is said that there is no evidence that the purchaser under the contract of conditional sale was in default in his payments on the contract, and no evidence that the seller had ever declared a forfeiture. But, as we read the record, there was undisputed evidence that the purchaser was in default at the time of the seizure in at least one instalment payment, and evidence that, after the seizure, he told the agent of the respondent that he would surrender his interest in the truck and would make no further payments thereon. There is evidence also that the respondent acted on this assumption, treated the contract as forfeited, and made a demand on the sheriff either to return the truck or pay the amount of the purchase price then due. This clearly amounted to a surrender and forfeiture, and warranted a recovery of the balance due on the contract. Nothing more than the amount due on the contract was sought in the complaint.

[5] It may be that it would have been more appropriate to the issues had the court in its instruc-

tions limited the amount of the recovery to the value of the respondent's interest, but since the jury returned a value less than the interest, the appellants have suffered no injury thereby.

[6] It is next said that the respondent is only entitled to recover the value of the truck as that value existed at the time of the demand, whereas the evidence is that, at such time, the utmost value of the car was thirty dollars. But the rule that the value of the property seized by a public officer is to be determined at the time demand is made for the property, is applicable only in instances where the seizure is lawful, and where the depreciation in value is the result of causes not the fault of the seizing officer. Neither of these conditions here existed.

[7] Finally, it is insisted that the court erred in allowing a recovery against the appellant Chambers. But the "rule is well settled that the wrongful seizure of the property of one person under legal process directed against another amounts to a conversion, for which an action of trover may be maintained against the officer who makes the seizure, or against the person who directed the officer to act." 26 R. C. L., p. 1120. Since the parties may be sued separately, they may be sued jointly, and since the appellant Chambers directed the officer to levy on the truck, it was not error to permit a recovery against him for the value of the property wrongfully seized.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, FRENCH, and MITCHELL, JJ., concur.