[No. 21452.   Department Two.   November 27, 1928.]

C. M. HESS et al., Appellants, v. MATT STARWICH, as Sheriff, etc., et al., Respondents.[1]

Carkeek, McDonald, Harris & Coryell, Bixby & Nightingale, and Albert H. Solomon, for appellants.

Agnes N. Richmond, William H. Brinker, and Tucker, Hyland & Elvidge, for respondents.

ASKREN, J.—On March 16, 1925, one Priebe filed suit in King county against W. Davis for the recovery of

[1] Reported in 272 Pac. 75.

$420 claimed to be due for merchandise. At that time a writ of attachment was issued out of the superior court to the sheriff of King county, who attached, on April 8, an auto trailer then in Davis' possession, and being used by him. This trailer had been sold to Davis under a conditional sale contract in 1923, and at the time of the attachment he was behind in his payments. He wrote to the Hess Motor Company at Bellingham, who owned the conditional sale contract, advising them that the sheriff had made the attachment. They thereupon sent the following letter to the sheriff:

"Mr. Matt Starwich, Sheriff,
County-City Building,
Seattle, Washington.

"Dear Sir: We are advised that you have levied an attachment upon a 3½-ton Universal trailer, known as a Thorarinson Trailer, in an action now pending in the superior court of your county, wherein the O. K. Garage and Tire Shop is plaintiff and William Davis, defendant. Agnes N. Richmond of Renton is attorney for the plaintiff, and Paul W. Houser of the Hoge Building, Seattle, is attorney for the defendant.

"This trailer belongs to the Hess Motor Company of Bellingham, having been sold under a conditional sale contract which is duly filed in your county.

"We have made demand upon the plaintiffs that they deliver the trailer to the Hess Motor Company, and we hereby make a formal demand upon you that you surrender the trailer as the property of the Hess Motor Company. We assume that your office has required an indemnity bond in this case, but if you have not done so, we suggest that you acquire such a bond at once, as in the event of the failure to turn over this trailer, we may commence an action against you, in which event you will naturally want the protection of an indemnity bond."

A copy of this letter was evidently sent Priebe's attorney, who thereupon immediately sent the following release to the sheriff:

"Mr. Matt Starwich,
Sheriff King County.

"Please release from attachment in cause No. 180888, Priebe v. Davis, Trailer No. 238 thereunder, and return writ to court without further service.

"Agnes N. Richmond,
"Atty. for Plf."

The trailer in question at the time of the attachment was in a large frame building at Renton, and the sheriff's attachment went no further than to post a notice on or near the trailer. The same day the notice of release was sent to the sheriff he made his return into court as follows:

"State of Washington }
County of King } ss.

"I, Matt Starwich, sheriff of King county, state of Washington, do hereby certify that on the 26th day of May, 1925, I was notified by the attorney for the plaintiff to release from levy the personal property held by me under the writ of attachment issued in the above entitled cause, and that in compliance therewith, I released the said personal property from levy and delivered the same into the possession of the defendant.

"Dated this 26th day of May, 1925.

"MATT STARWICH, *Sheriff*.
"By A. Hutcheson, Deputy."

The writ of attachment was thereafter duly discharged by order signed by the superior court.

The trailer was never moved by the sheriff, and when the attachment was released, it remained in the same place that it had been placed by Mr. Davis. The owner under the conditional sale contract came to Renton, inspected the trailer on at least two or three occasions, saw no notice thereon and never attempted to take possession, to inquire concerning it, or to make any further demand on either the sheriff, Davis or Priebe's attorney. The trailer continued to remain at the same place until it ultimately appears to have been

lost to the owner, although the record does not disclose the reason. The owner then instituted this suit, alleging that the sheriff had failed and refused to return the trailer to the owner when demand was made by the letter we have set out, and prayed for judgment in the value of the trailer.

Upon trial the court found for the defendants and dismissed the action, and this appeal followed.

It is appellant's contention that, since the trailer was sold under a conditional sale contract, duly filed for record in King county, the sheriff could not make a lawful seizure under a writ of attachment, because the property was that of the Hess Motor Company. It is said that Davis had no interest in the trailer subject to attachment, under our recent decision in *Western Bond & Mortgage Co. v. Chester,* 145 Wash. 81, 259 Pac. 13, and that the seizure was at the sheriff's peril, making him guilty of conversion by the mere seizure thereof.

Before considering the effect of that case it may be well to briefly consider whether Davis had any right in the trailer which he was purchasing under contract, and upon which payments were past due. At the time of the attachment, Davis had not been put in default and the owner had not elected to declare him in default, and in the words of one of the witnesses for appellant, Davis "was in full possession thereof." It is true that we held in *Holt Mfg. Co. v. Jaussaud,* 132 Wash. 667, 233 Pac. 35, that a contract like the one here in controversy conveys to the vendee no element of title, legal or equitable, but we have never held that the vendee did not have some interest therein that was subject to levy. We held such a levy lawful in *Cunningham v. Long,* 134 Wash. 433, 235 Pac. 964, where suit was brought for conversion of an automobile that had been wrongfully delivered by the sheriff to a per-

son other than the vendee, from whom it had been seized. In that action the vendee was in possession of the automobile under a conditional sale contract, when it was seized at the instance of one of his creditors. We upheld a judgment against the sheriff in that action, because when he came to release the automobile he delivered it to a third party who, in the meantime, had acquired the interest of the vendor in the contract. But in deciding the question we held that the original taking of the property by the sheriff, under attachment, was lawful.

Appellant contends that we have announced a different rule in *Western Bond & Mortgage Co. v. Chester, supra*. It may be that there is in that opinion language which, when taken literally, might indicate a contrary view, but we think a careful analysis of the facts there will show that we did not intend to hold that a purchaser of personal property could not have his interest in the contract seized in payment of his debts. In that action the sheriff, under authority of a writ of attachment issued at the instance of a certain creditor of the vendee, seized the truck which had been sold to the vendee under a conditional sale contract. The vendor declared the contract forfeited and demanded the truck from the sheriff or, in lieu thereof, the balance of the purchase price. This was refused. The sheriff in making the attachment took it physically away from the possession of the vendee, and left it in an exposed place, without guard or protection of any kind, resulting in thieves stripping it of all its valuable parts. We sustained a recovery against the sheriff, and held that the sheriff was negligent in his care of the property.

The distinction between that case and this may be found in the fact that there the sheriff took manual possession of the property and through his neglect of

it, it was lost to the vendor. In this case the sheriff took no manual possession, and there was no loss occasioned to the vendor by any act of the sheriff. The record is clear upon these points. It may be that it would have been better for all concerned, and a more orderly procedure, for the sheriff to have written to the vendors' attorneys when he released the truck in response to their letter, but we can hardly say that he failed in his duty because he did not do so. While the letter, by inference, makes a demand that the trailer be delivered to the vendor, it does not in express language so demand, nor does the letter state anywhere that the contract has been forfeited or show any reason why the vendors had a right to demand that the trailer be delivered to them. No place is specified for delivery, and in the absence of some good reason it would appear that, if the sheriff had done nothing more in making the attachment than to post a notice at the place where the trailer was, he could release it at the same place.

Finally, it should be borne in mind that there was here no conversion by the sheriff. To convert another's property means something more than a claim that some right therein is subject to attachment. In its ordinary sense it means to take and keep another's property, but in law it is not necessary that the acts go that far, it being sufficient if one wrongfully asserts dominion over it, either permanently or for an indefinite time. 26 R. C. L. 198. See, also, *Browder v. Phinney,* 37 Wash. 70, 79 Pac. 598; *Clark v. Groger,* 102 Wash. 188, 172 Pac. 1164. In the latter case we quoted approvingly from *Lee Tung v. Buckhart,* 59 Ore. 194, 116 Pac. 1066, where the court said:

"In an action of trover it is not sufficient that the facts show a mere trespass without showing a conversion. . . . There may be an actual, wrongful ex-

ercise of dominion over chattels without constituting a conversion, if such dominion is not a denial or repudiation of the owner's right or title.''

The judgment is affirmed.

FULLERTON, C. J., FRENCH, MAIN, and PARKER, JJ., concur.