[No. 7403–2–I.   Division One.   June 9, 1980.]

CLYDE MADISON, *Appellant,* v. GENERAL ACCEPTANCE
CORPORATION, *Respondent.*

A. *Graham Greenlee* and *Greenlee & Greenlee,* for appellant.

*W. D. Palmer, Sr.,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The trial court dismissed the plaintiff's claim for conversion on the ground that it failed to state a claim upon which relief could be granted. The plaintiff appeals.

The plaintiff is Clyde Madison. According to his complaint, he and Edward Lee Carter jointly purchased an automobile. The certificate of title and registration certificate on the automobile issued by the Department of Motor Vehicles listed both of them as owners. The plaintiff also pleaded that General Acceptance Corporation, a finance company, obtained a judgment against Carter, levied and executed against the jointly owned automobile and then had the sheriff sell it at an execution sale.

The plaintiff further pleaded:

> As a result of the aforesaid tortious conversion of his property by defendant, General Acceptance Corporation, plaintiff has suffered the loss of the ownership and use of the subject automobile.

Plaintiff's complaint then asked damages for the claimed conversion of his interest in the automobile. The finance company filed an answer which admitted the levy, execution and sheriff's sale of the automobile but denied the conversion, and moved to dismiss.

The trial court thereupon granted the defendant's motion and entered a judgment dismissing the plaintiff's complaint with prejudice.

The plaintiff's appeal presents one issue.

### ISSUE

Did the plaintiff's complaint for conversion of his interest in an automobile state a claim for relief?

### DECISION

CONCLUSION. The plaintiff's complaint alleging tortious conduct on the part of the finance company did state a valid claim in accordance with the provisions of RCW 6.04-.120 relating to levy on jointly owned personal property.

█ The finance company's motion to dismiss the plaintiff's complaint was made following the filing of its answer, therefore, it will be considered as a motion for judgment on the pleadings. *Stevens v. Murphy,* 69 Wn.2d 939, 941, 421 P.2d 668 (1966); CR 12(c). The sole justification urged for dismissal is the contention that the complaint failed to state a claim upon which relief could be granted. CR 12(b)(6).

█ When a cause of action has been dismissed by a trial court for failure to state a claim for which relief could be granted, the only question before this court is whether it can be said that there is no state of facts which the plaintiff could prove which would entitle the plaintiff to relief under the claim; and for the purposes of the motion to dismiss, the factual allegations of the plaintiff's complaint must be accepted as true. *Grimsby v. Samson,* 85 Wn.2d 52, 55, 530 P.2d 291, 77 A.L.R.3d 436 (1975); *Loger v. Washington Timber Prods., Inc.,* 8 Wn. App. 921, 923–24, 509 P.2d 1009 (1973).

The statute relating to levies on joint personalty reads as follows:

> When a defendant owns personal property jointly, or in copartnership with any other person, and the interest cannot be separately attached, the sheriff shall take possession of the property, unless the other person having an interest therein shall give the sheriff a sufficient bond, with surety, to hold and manage the property according to law; and the sheriff shall then proceed to sell the interest of the defendant in such property, describing such interest in his advertisement as nearly as may be,

and the purchaser shall acquire all the interest of such defendant therein; *but nothing herein contained shall be so construed as to deprive the copartner of any such defendant of his interest in any such property.*

(Italics ours.) RCW 6.04.120.

Generally, every kind of property or interest in property not otherwise exempt by statute may be reached by an execution based on a judgment. This includes the interest of a judgment debtor who is a joint owner of personal property. *Graden v. Turner,* 15 Wash. 136, 45 P. 733 (1896), relied on by the finance company, holds no more than that.

The case before us, however, comes within the rule that a levy and sale upon execution of the *entire* property in goods owned by two people jointly, on an execution against *one* of them, is improper. RCW 6.04.120; *Romey v. Shearer,* 139 Wash. 621, 624, 247 P. 949 (1926); *Western Bond & Mortgage Co. v. Chester,* 145 Wash. 81, 84, 259 P. 13 (1927); 30 Am. Jur. 2d *Executions* § 154 (1967); 33 C.J.S. *Executions* § 38 (1942). The limited exceptions to this rule are not here pertinent.

The plaintiff's complaint did state a valid claim for conversion against the finance company, RCW 6.04.120; *Romey v. Shearer, supra;* therefore, the trial court erred when it dismissed his complaint.

Reversed and remanded for further proceedings not inconsistent with this opinion.

SWANSON and DORE, JJ., concur.