FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2019 JAN 14 AM 8: 37



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

HUGH F. BANGASSER, an individual,　　)
　　　　　　　　　　　　　　　　　　)　DIVISION ONE
　　　　　　　　　　Respondent,　　　)
　　　　　　　　　　　　　　　　　　)　No. 77398-4-I
　　　　　　　　v.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　UNPUBLISHED OPINION
THOMAS F. BANGASSER, an　　　　　　)
individual; BANGASSER &　　　　　　)
ASSOCIATES, INC., a Washington　　　)
corporation,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Appellants,　　　)
　　　　　　　　　　　　　　　　　　)
VISION VASHON, ostensibly a　　　　)
Washington non-profit corporation,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant.　　　)　FILED:  January 14, 2019
　　　　　　　　　　　　　　　　　　)

DWYER, J. — Hugh Bangasser filed suit against his brother Thomas

Bangasser to recover on a promissory note.[1]  The trial court rejected Thomas's

defenses, granted Hugh's motion for summary judgment, and awarded attorney

fees and costs to Hugh.  Finding no error, we affirm.

I

From 1988 until 2015, Thomas was the general partner of MidTown

Limited Partnership (MidTown), whose primary assets included several parcels of

real estate in Seattle.  MidTown's four limited partners were Thomas's siblings or

---

[1] This opinion refers to the parties by their first names for convenience and clarity.

entities owned by his siblings. One of these limited partners was Thomas's brother Hugh.

In 2003, Thomas asked Hugh and two of his sisters, Elizabeth Hall and Margaret Delaney, for loans to assist his now-defunct nonprofit corporation Vision Vashon to purchase real estate. The three siblings separately agreed to loan money to Thomas for his Vision Vashon venture.

On October 24, 2003, Thomas signed a $70,000 promissory note on behalf of Vision Vashon in favor of Hugh. Thomas guaranteed the note both personally and as the president of his company Bangasser & Associates, Inc. The principal balance on the note was due one year after signing, with interest accruing at 10 percent for the first year and 12 percent thereafter. The note provides that "[i]f suit should be brought to collect any of the principal or interest of this Note, the prevailing party shall be entitled to reasonable attorney's fees and costs." MidTown was not a party to the note. Thomas acknowledged the debts to Hugh and his sisters in writing several times between 2006 and 2015, citing various potential avenues for eventual repayment of the notes.

MidTown's limited partners eventually became concerned that Thomas, as general partner, had taken positions and actions adverse to the interests of the partnership. On June 22, 2015, all four limited partners voted to remove Thomas as the general partner. In September 2015, Thomas sued MidTown for breach of the partnership agreement, asserting that MidTown failed to compensate him for his partnership interest or for his past services as the general partner. He also sought a security interest in MidTown's property and appointment of a receiver

for sale of the property. The trial court granted partial summary judgment in favor of MidTown and entered a declaratory judgment providing that Thomas could not re-file a lis pendens against the property. Thomas appealed. We affirmed the trial court's ruling in Bangasser v. MidTown Ltd. P'ship, No. 75226-0-I (Wash. Ct. App. April 24, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/752260.pdf.

On December 7, 2015, Thomas informed Hugh, Hall, and Delaney via e-mail that "we were finally able to refinance/sell our Vashon Island real estate and would like to now address the outstanding Promissory Notes payable to you." Thomas calculated what he believed to be the precise balance owed to each, and requested a response. Hugh asked when he could expect payment on his note. Thomas responded that he anticipated paying the note "from the proceeds of my 5% MidTown compensation when I receive the funds." On December 12, 2015, Hugh responded:

> Tom: I am disappointed in your response to my inquiry as to when I should expect to receive the loan amount and interest for a loan that has been outstanding for over 12 years. It is also a loan I made to you based upon your representation that I would be repaid within a month of lending you the $70,000. Your email of two days ago clearly inferred that with the refinancing you indicated you had obtained, you intended to use a portion of the refinance amount to repay Elizabeth and I promptly. You have now wrongly attempted to tie that repayment to a totally unrelated matter, the dispute you have with the limited partners of MTL. Elizabeth's, Peg's, and my loans to you had absolutely nothing to do with MTL and at the time 12 years ago, you claimed to us that you wanted the funds for some investments you were making in an independent capacity and not as a partner within MTL. I suggest you reconsider your position and discuss it with your lawyer. I expect you to make the repayment you owe me for my loan now without regard to the status of your dispute with MTL.

3

It is undisputed that Thomas never paid any principal or interest to Hugh or Hall.[2]

In July 2016, Hall filed suit against Thomas for payment of her note with interest and attorney fees. Thomas asserted a number of affirmative defenses, including that Hall's action was barred by the six-year statute of limitations. The trial court rejected Thomas's arguments and granted summary judgment to Hall. Thomas appealed. We affirmed the trial court's ruling in Hall v. Bangasser, No. 76077-7-I (Wash. Ct. App. Jan. 16, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/760777.pdf.

On November 22, 2016, Hugh filed suit against Thomas to recover on his note. Following discovery, Hugh moved for summary judgment. Thomas asserted that summary judgment was improper on two separate grounds. First, he argued that Hugh's action was barred by the six-year statute of limitations. Second, he argued that Hugh effectively received payment on the note by failing to abide by the terms of the MidTown partnership agreement and intentionally absorbing a portion of Thomas's general partnership units into his own limited partnership units when Thomas was removed as general partner on June 22, 2015.

As the parties were conducting discovery, two significant events occurred. In May 2017, MidTown's property was sold for $23,300,000 and the sale proceeds were disbursed to MidTown. And on June 14, 2017, MidTown and its four limited partners sued Thomas to resolve numerous remaining disputes between Thomas and MidTown, including how much, if anything, Thomas is

---

[2] Hugh acknowledges that Thomas has repaid Delaney.

owed for his past services as the general partner; how much Delaney owes him for his general partner interest; and how much Thomas is entitled to receive from MidTown as his limited partner distributive share. On March 20, 2018, the trial court granted MidTown's motion for partial summary judgment.[3]

On August 18, 2017, the trial court in this case granted Hugh's motion for summary judgment. The court ruled that the statute of limitations did not bar recovery because Thomas acknowledged the debt in writing on multiple occasions.[4] The court also rejected Thomas's offset theory:

> The facts are that when Mr. Thomas Bangasser was removed as the general partner from MidTown, he was replaced by Ms. Delaney. If anybody owed him money, it would be MidTown and/or Ms. Delaney. There's no – you know, there's a theory – some sort of conspiracy theory that Hugh Bangasser was behind the ouster and that somehow he's manipulated Ms. Delaney, but there's no facts to support that theory. I can't – I cannot find a material fact – a material issue of disputed fact on a theory that doesn't have any facts to support it.
>
> So I do not believe that offset is appropriate. It can be addressed before Judge Doyle in the MidTown case. So I'm granting the Motion for Summary Judgment.

The court entered a total judgment in Hugh's favor of $185,950.36.[5] Hugh separately moved for an award of attorney fees in the amount of $50,105.70. Upon entry of written findings, the trial court reduced the request and awarded $39,831 in attorney fees to Hugh. On September 25, 2017, the court entered a

---

[3] Thomas's appeal of that decision is currently pending in this court. MidTown Ltd. P'ship v. Thomas Bangasser, King County Superior Court No. 17-2-15457-1, Court of Appeals No. 78998-8-I.

[4] We rejected Thomas's statute of limitations arguments in Hall v. Bangasser, No. 76077-7-I (Wash. Ct. App. Jan. 16, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/760777.pdf. Thomas does not appeal from the trial court's rejection of his statute of limitations arguments in the present case.

[5] This amount included the original $70,000 principal, plus $114,681.09 in interest and $1,269.27 in costs.

5

charging order in favor of Hugh on Thomas's partnership interest in MidTown. And on October 9, 2017, the court ordered that a portion of the proceeds from the MidTown sale set aside for Thomas be distributed to Hugh in satisfaction of the charging order. Thomas now appeals.

II

We review an order granting summary judgment de novo, engaging in the same inquiry as the trial court. Ruvalcaba v. Kwang Ho Baek, 175 Wn.2d 1, 6, 282 P.3d 1083 (2012). The facts and all reasonable inferences are viewed in the light most favorable to the nonmoving party. Michak v. Transnation Title Ins. Co., 148 Wn.2d 788, 794, 64 P.3d 22 (2003). Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Michak, 148 Wn.2d at 794-95 (quoting CR 56(c)). "[A] party resisting summary judgment cannot satisfy his or her burden of production merely by relying on conclusory allegations, speculative statements, or argumentative assertions." Boguch v. Landover Corp., 153 Wn. App. 595, 610, 224 P.3d 795 (2009). Rather, the nonmoving party must set forth specific facts demonstrating a genuine issue of material fact. Boguch, 153 Wn. App. at 610.

Offset

Thomas contends that he is entitled to offset what MidTown owes him against the debt he owes to Hugh on the note. We disagree. "The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay

B when B owes A.'" <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 18, 116 S. Ct.286, 133 L. Ed. 2d 258 (1995) (quoting <u>Studley v. Boylston Nat'l Bank</u>, 229 U.S. 523, 528, 33 S. Ct. 806, 57 L. Ed. 1313 (1913)). Offset applies only when the claims are mutual, meaning that they are between the same parties acting in the same capacity. <u>Kriedler v. Statewide Gen. Ins. Agency, Inc.</u>, 182 Wn. App. 557, 568, 329 P.3d 928 (2014) (insurance and bankruptcy); <u>Cunningham v. Long</u>, 134 Wash. 433, 436, 235 P. 964 (1925) (debt due to plaintiff to only part of joint defendants cannot be set off against joint debt due plaintiff); <u>Johnson v. City of Aberdeen</u>, 147 Wash. 482, 485, 266 P.707 (1928) (to be the subject of set-off, demands must be due to and from same parties in same capacity).

Here, Thomas seeks to offset Hugh's claim against him on the note with his own claim against MidTown. But there is no mutuality of obligation.[6] MidTown is not a party to the note between Thomas and Hugh. Thomas incurred the debt to take advantage of a real estate opportunity entirely unrelated to MidTown.

Theoretically, the parties could have agreed to substitute another contract for the note in accord and satisfaction of the debt. "An accord is a contract between debtor and creditor to settle a claim by some performance other than that which is due." <u>Dep't of Fisheries v. J-Z Sales Corp.</u>, 25 Wn. App. 671, 676, 610 P.2d 390 (1980). "The party alleging an accord and satisfaction must prove

---

[6] Offset cases cited by Thomas in support of his claim are inapposite because they involve claims that meet the mutuality requirement. <u>In re Smith's Estate</u>, 179 Wash. 417, 38 P.2d 244 (1934); <u>Peoples Nat'l Bank of Wash. v. Nat'l Bank of Commerce</u>, 69 Wn.2d 682, 420 P.2d 208 (1966). Thomas also claims that CR 13(j) authorizes offset in this situation. But that rule expressly authorizes setoffs for the assignee of a note. Hugh is not an assignee.

there was a meeting of the minds and that both parties understood that such would be the result." Douglas Nw., Inc. v. Bill O'Brien & Sons Constr., Inc., 64 Wn. App. 661, 686, 828 P.2d 565 (1992).

Here, there is no evidence that such a meeting of the minds occurred. Thomas asserts that Hugh is compelled to recognize MidTown as an offset because Thomas's e-mails identified his interest in MidTown as one of several potential sources of repayment for the note. But Hugh never accepted Thomas's attempt to tie his payment of the note to his interest in MidTown. To the contrary, Hugh filed this lawsuit to collect the debt after expressly rejecting Thomas's December 11, 2015 proposal to pay Hugh with proceeds from an eventual distribution from MidTown. Without mutuality of obligation or accord and satisfaction, there can be no offset.[7] The trial court did not err in granting summary judgment to Hugh and entering a charging order against Thomas in Hugh's favor.

Attorney Fees

The promissory note provides that "[i]f suit should be brought to collect any of the principal or interest of this Note, the prevailing party shall be entitled to reasonable attorney's fees and costs." Thomas does not dispute that Hugh, as the prevailing party, is entitled to attorney fees. However, Thomas asserts that the amount awarded was unreasonably excessive. We will uphold an attorney

---

[7] Thomas also contends that Hugh effectively paid himself on the note by intentionally absorbing Thomas's general partnership units into Hugh's limited partnership units following Thomas's removal as MidTown general partner on June 22, 2015. He therefore asserts that the trial court forced him to pay the debt twice by entering a charging order against Thomas's interest in MidTown. But issues regarding the distribution of MidTown's assets are irrelevant to this dispute between Hugh and Thomas on a promissory note unrelated to MidTown.

fee award unless the trial court manifestly abused its discretion. <u>Chuong Van Pham v. Seattle City Light</u>, 159 Wn.2d 527, 538, 151 P.3d 976 (2007). "A trial court abuses its discretion when it exercises discretion on untenable grounds or for untenable reasons." <u>Ewing v. Glogowski</u>, 198 Wn. App. 515, 521, 394 P.3d 418 (2017).

The trial court must create an adequate record to permit appellate review of fee award decisions. <u>Mahler v. Szucs</u>, 135 Wn.2d 398, 435, 957 P.2d 632 (1998). "A determination of reasonable attorney fees begins with a calculation of the 'lodestar,' which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Berryman v. Metcalf</u>, 177 Wn. App. 644, 660, 312 P.3d 745 (2013). Hours spent on "unsuccessful claims, duplicated effort, or otherwise unproductive time" are to be discounted from the total. <u>Bowers v. Transamerica Title Ins. Co.</u>, 100 Wn.2d 581, 597, 675 P.2d 193 (1983). However, "'an explicit hour-by-hour analysis of each lawyer's time sheets' is unnecessary as long as the court considers relevant factors and gives reasons for the amount awarded." <u>Zink v. City of Mesa</u>, 137 Wn. App. 271, 277, 152 P.3d 1044 (2007) (quoting <u>Progressive Animal Welfare Soc'y v. Univ. of Wash.</u>, 54 Wn. App. 180, 187, 773 P.2d 114 (1989), <u>rev'd on other grounds</u>, 114 Wn.2d 677, 790 P.2d 604 (1990)).

The trial court first found that the attorneys' hourly rates were reasonable. The court then specified that 60.5 hours billed by Hugh's counsel for preparation of original pleadings, a default motion, preparation of written discovery, preparation for and taking the deposition of Thomas, preparation for and taking

the deposition of Hugh, and drafting and arguing a motion for summary judgment was reasonable. However, the court found counsel's request for an additional 32.5 hours to review Thomas's response to the summary judgment motion, prepare a reply, and argue the motion in court to be excessive. Accordingly, the trial court reduced the lodestar by 22.5 hours, resulting in an award of $39,831.

Thomas argues that the trial court manifestly abused its discretion by omitting consideration of duplicative and excessive hours billed for a simple promissory note matter. He asserts that the trial court failed to review the billing and reduce it to something reasonable. We disagree. Hugh's attorneys were required to conduct discovery and to address numerous and sometimes convoluted arguments raised by Thomas, including offset, statute of limitations, and issues raised in the MidTown action. The record indicates that the trial court carefully evaluated the request for fees and substantially decreased the award accordingly. This was not an abuse of discretion.

Hugh and Thomas both requested attorney fees and costs on appeal based on the promissory note and RAP 18.1(a). "Reasonable attorney fees are recoverable on appeal if allowed by statute, rule, or contract, and the request is made pursuant to RAP 18.1(a)." In re Guardianship of Wells, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009). We award Hugh, the prevailing party, reasonable attorney fees and costs on appeal subject to compliance with RAP 18.1. Upon such compliance, our commissioner will enter an appropriate order of award.

Affirmed.

We Concur:

_____

_____

_____